## R. B. McCLAUGHRY v. C. F. McCLAUGHRY.

ERROR TO THE COURT OF COMMON PLEAS OF ERIE COUNTY.

121     477
28 SC   399

Argued April 27, 1888—Decided October 1, 1888.

1. A mortgage securing a sum payable yearly during his life to the mortgagee, and another sum payable yearly after his death to his wife, may not be satisfied in full by the mortgagee so as to extinguish the right of his widow to proceed, as his survivor, by scire facias to judgment for her interest: Adams v. Kuehn, 119 Pa. 76, distinguished.

Such a mortgage contained a provision that on payment to the mortgagee of the penal sum secured, according to the condition of the bond recited, the mortgage should be void. An affidavit of defence to a scire facias by the widow, surviving her husband, averred that the mortgagor had "made an arrangement with his father for a valuable consideration," under which the father had satisfied and extinguished the mortgage: Held,

2. That the affidavit of defence was insufficient to prevent judgment; but that if the affidavit had averred payment of the penal sum in full, followed by a satisfaction of the mortgage, a different question would have been presented.

3. A mortgagee, not a creditor himself, but a holder for the benefit of others interested in the security, is not clothed with the power to extinguish the mortgage, regardless of the rights of the real beneficiaries for whom he stands in the relation of trustee: per WILLIAMS, J.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 409 January Term 1888, Sup. Ct.; court below, No. 30 November term 1887, C. P.

On September 14, 1887, a scire facias sur mortgage was instituted by "C. F. McClaughry, widow, who survives M. M. McClaughry, her husband," against R. B. McClaughry, mortgagor.

The mortgage, dated February 1, 1878, and duly recorded, was "between R. B. McClaughry, of . . . . , party of the first part, and M. M. McClaughry, of . . . . . , party of the second part," and recited: "Whereas, The said party of the first part, by his bond or obligation bearing date the first day of February, in the year of our Lord one thousand eight hundred

and seventy-eight, stands bound unto the said party of the second part in the sum of ten thousand dollars, conditioned for the payment of the said sum of money above specified, the just and full yearly sum of four hundred dollars a year, each and every year, for and during the term of the natural life of the said M. M. McClaughry, and, upon the death of the said M. M. McClaughry, then if his present wife, C. F. McClaughry, shall survive him, her said husband, the yearly sum or payment of one hundred and fifty dollars a year, each and every year to her, the said C. F. McClaughry, wife of said M. M. McClaughry, for and during the term of her natural life;" and, in consideration of the said debt or sum of $10,000, "and for the better securing the payment thereof, with interest, according to the condition of said bond," conveyed lands therein described to the grantee, "Provided always, nevertheless, that if the said party of the first part, his heirs, executors, administrators or assigns, shall pay unto the party of the second part, his heirs, executors, administrators or assigns, the sum of ten thousand dollars, according to the condition of the above in part recited bond or obligation, then and from thenceforth these presents and every matter and thing therein contained shall cease and be utterly null and void;" with the further and ordinary provision that in case of default of the payment of any payment or part thereof, according to the terms of the mortgage and accompanying bond, a scire facias might issue and be prosecuted to judgment in favor of the mortgagee for the whole amount then unpaid.

On September 27, 1887, R. B. McClaughry filed an affidavit of defence admitting the execution of the mortgage and averring:

That December 1, 1881, the deponent made an arrangement with his father, the mortgagee, for a valuable consideration to satisfy and extinguish the mortgage above referred to, and the said M. M. McClaughry did, December 1, 1881, satisfy and extinguish the said mortgage, as fully appears upon the records, to wit: in mortgage book V, page 410, in Erie county, and deponent says that he owes nothing on the said mortgage to the plaintiff nor to any one else.

The certificate of satisfaction dated December 1, 1881, and recorded, acknowledged the receipt of payment and satisfaction of the debt and interest of the mortgage, and directed the satisfaction in full thereof upon the records.

A rule was taken for judgment for want of a sufficient affidavit of defence, and on February 27, 1888, the court, GUNNISON, P. J., filed an opinion, which after reciting the provisions of the mortgage and the averments of the affidavit of defence proceeded:

Had M. M. McClaughry and C. F. McClaughry, his wife, both been named mortgagees as to the respective payments to be made to them, it would not be affirmed that he could withdraw and without her authority satisfy the interest payable to her after his death; nor could he satisfy her interest in a mortgage given to him originally, after a portion of it was assigned by him to her. A declaration of trust, by which he declared that he held the mortgage or a portion of it, in trust for her, if the mortgagor had notice of it, would operate as a bar to the satisfaction of her interest as cestui que trust by any arrangement between the mortgagor and her husband. Without authority from her, such an arrangement would be a fraud on her.

The provision in the mortgage for payment of interest to her, in case she survived her husband, was in the nature of a declaration that he held the mortgage in trust for her; to that extent it is in the nature of an assignment to her, which equity will enforce as a trust.

There are many cases in the books in which transactions similar in principle have been enforced against the trustee. In Ray v. Simmons, 15 Amer. L. R., N. S., 701, and note, the cases are collected; see also Roberts' App., 85 Pa. 84.

And it is immaterial that the husband in this case remains the custodian of the evidence of indebtedness. He had an interest in it, and was the proper custodian. The language used in the mortgage showed an intention to make a provision for the wife. By recording it the arrangement was consummated, and it was irrevocable, except by the consent of the wife. The defendant was a party to the mortgage, and, of course, had knowledge of the provision for the benefit of the wife.

If equity will enforce such a trust against the decedent or his estate, it will enforce it against the defendant, who, with a knowledge of the trust, joined in the attempt to deprive the cestui que trust of her property, and especially as he was to derive the benefit therefrom.

I am of opinion that the affidavit does not set up facts sufficient to constitute a good defence to this action.

The rule to show cause is made absolute.

An exception was sealed for the defendant to the order making the rule for judgment absolute, and judgment was then entered for the plaintiff and the sum due liquidated at $10,000, conditioned, etc. Thereupon the defendant took this writ, assigning as error the order directing the entry of judgment for want of a sufficient affidavit of defence.

*Mr. W. Benson*, for the plaintiff in error:

1. The plaintiff was not a party to the mortgage, and had no control over it. It was a contract between the defendant and M. M. McClaughry. The affidavit of defence averred satisfaction and extinguishment of the mortgage, and if the plaintiff had a right to issue the scire facias, she should have filed a narr showing the breach of its covenants. The scire facias, which takes the place of the narr, does not allege a failure to pay instalments, and it cannot be inferred that there was a failure to pay them. It does not, then, appear, that the principal sum has become immediately recoverable: Swift v. B. & L. Ass'n, 82 Pa. 142.

2. The power of a husband over his personal property is absolute; his wife and children have no legal right to any of his goods, and no fraud can be predicated of any act of his to deprive them of the succession. Again: the transfer of a chose in action, whether by instrument under seal or not, unless founded on a sale for a valuable consideration, is not complete until delivery, and a court of equity will not compel delivery to the donee, as a chancellor never interferes to enforce any contract not founded on a meritorious consideration: Pringle v. Pringle, 59 Pa. 281; Clemson v. Davidson, 5 Binn. 398; Aycinena v. Peries, 6 W. & S. 251; Nesmith v. Drum, 8 W. & S. 9. "Whenever you come into a court of equity to raise an interest by way of trust, you must have a valuable or meritorious consideration to support it:" Yard v. Patton, 13 Pa. 288; and see: Withers v. Weaver, 10 Pa. 391; Zimmerman v. Streeper, 75 Pa. 147; Grant v. Levan, 4 Pa. 393; Critchfield v. Critchfield, 24 Pa. 100; Plumstead's App., 4 S. & R. 545; Lonsdale's Est., 29 Pa. 407; Trough's Est., 75 Pa. 115; Turner v. Scott, 51 Pa. 126; re-affirmed in Scott v. Scott, 70 Pa. 244.

Arguments.

3. The plaintiff was not only a stranger to the contract, but furnished in no manner any part of the consideration. The consideration moved wholly from the mortgagee who was the party to be benefited by the performance of the covenants and the action cannot be maintained: Adams v. Kuehn, 119 Pa. 76; Wharton on Contracts, 784; Torrens v. Campbell, 74 Pa. 472; Kountz v. Holthouse, 85 Pa. 235; Blymire v. Boistle, 6 W. 182; Campbell v. Lacock, 40 Pa. 448; Flinn v. McGonigle, 9 W. & S. 75; Ramsdale v. Horton, 3 Pa. 330; Mississippi C. R. Co. v. Southern R. Ass'n 8 Phila. 107; Finney v. Finney, 16 Pa. 380; Robertson v. Reed, 47 Pa. 115.

*Mr. G. A. Allen* (with him *Mr. L. Rosenzweig*), for the defendant in error:

1. The plaintiff sues as the survivor of her husband. There is no denial in the affidavit of defence of the delivery of the security to her, and the record of the mortgage, as of a deed, raised the legal presumption that it had been delivered: Rigler v. Cloud, 14 Pa. 361; Kille v. Ege, 79 Pa. 15.

2. As a trust, the right of the plaintiff is clearly sustainable upon the authorities cited by the court below: Ray v. Simons, (R. I.) 15 Amer. L. R., N. S., 701; Roberts' App., 85 Pa. 84. The point is not raised in the affidavit of defence, but assume that the plaintiff was not interested in the consideration, still her claim would be good as a trust. If the mortgagee had delivered to the mortgagor $10,000 in money or chattels, and simply made a declaration that out of the property and money, a certain annuity was to be paid after his death to the plaintiff, both parties would have been trustees for the plaintiff, the one of the money, the other of the evidences of the right: Crawford's App., 61 Pa. 52; Mack's App., 68 Pa. 231. But this court will observe that the affidavit is lacking in every essential of particularity.

3. The cases cited by the defendant show clearly that there are two classes of cases plainly distinguishable. One class is where the debt already exists from one person to another. A promise by a third person to pay such debt is for the benefit of the original debtor to whom it is made, and can only be released and enforced by him, and is covered by the general common law rule which excludes the right of a stranger to the contract

to bring suit. The other class of cases are exceptions to the rule; that is, where one person enters into a contract with another to pay money to a third or to deliver some valuable thing, and such third party is the only party interested in the payment or delivery, he can release the promissor from performance or compel performance by suit. The whole law of the subject is clearly stated in Adams v. Kuehn, 119 Pa. 76, and the distinction on which the cases rest is pointed out in Blymire v. Boistle, 6 W. 183.

OPINION, MR. JUSTICE WILLIAMS:

There is but a single question presented on this record. In 1878, M. M. McClaughry took a bond and mortgage from his son, R. B. McClaughry, in the sum of ten thousand dollars, conditioned for the payment to himself during his natural life of the sum of four hundred dollars per annum, and after his decease for the payment to his wife, C. F. McClaughry, of the sum of one hundred and fifty dollars per annum during her life. In December, 1881, he caused satisfaction to be entered on the mortgage, and in March, 1882, died. The son, treating the satisfaction so entered as an extinguishment of the mortgage, declined to make any payment to the widow, and she thereupon caused the writ of scire facias in this case to be issued on the mortgage. The mortgagor filed an affidavit of defence, in which he recited the giving of the mortgage to his father, and then alleged "that the deponent made an arrangement with his father, the mortgagee, for a valuable consideration to satisfy and extinguish the mortgage above referred to, and the said M. M. McClaughry did, on December 1, 1881, satisfy and extinguish said mortgage as fully appears upon the records." This affidavit was held to be insufficient, and judgment was accordingly entered against the mortgagor.

This action of the court is here assigned for error, and the same question is for consideration, viz., does the affidavit disclose a defence good against C. F. McClaughry, the widow? This depends upon the power of the mortgagee to release the mortgagor from the covenant to pay money to another. There was a provision in the mortgage that upon the payment by the mortgagor to his father of the full sum of ten thousand dollars, "then and from thenceforth these presents and every matter

and thing therein contained shall cease and be utterly null and void." If the affidavit had contained an averment that the mortgagor had paid to his father, in compliance with this provision, the full sum of ten thousand dollars, and that his father had thereupon satisfied the mortgage, a very different question would have been presented.

The affidavit however does not rest upon this provision; on the contrary, it alleges that the affiant "made an arrangement with his father" to satisfy the mortgage. The penal sum fixed upon to secure the payment of the annual sums to the mortgagee and his wife was not paid, and the sufficiency of the affidavit must depend on the power of the father to release his son from his obligation to pay C. F. McClaughry the annual sum he had bound himself by the terms of the mortgage to pay to her. It is contended that he had this power, because he was the mortgagee named in the instrument while his wife was not a party to it. But the conclusion does not follow from the fact stated. The covenant to pay C. F. McClaughry after his death, was not for his benefit, but for hers. The object of the arrangement was to make provision for his last years and for those of his wife. It is not important to inquire whether the consideration of the mortgage was the conveyance of real estate by the father to the son or the surrender to him of personal property. The mortgage is under seal and imports a consideration for all its covenants. Upon a sufficient consideration, therefore, the son undertakes to pay four hundred dollars per annum to his father while he lives, and after his decease to pay one hundred and fifty dollars per annum to his wife. So much as was to be paid to the father under this mortgage he could release, but so much as was payable to another after his decease he had no power over. As mortgagee, he was a trustee for the benefit of any other person or persons interested in the mortgage, and his name, or that of his personal representatives, could be used to enforce payment to them.

So far as performance of the covenants in the mortgage were to be made to the wife, she was the person beneficially interested, and the only person who could release or compel performance. This was so held in Peterson v. Lothrop, 34 Pa. 223, and in Roberts v. Halstead, 9 Pa. 32. So far as the mort-

gage was payable to him, M. M. McClaughry was the absolute owner, but so far as it was payable to another he was a mere trustee without interest. His satisfaction of the mortgage is operative only to the extent of his interest, and all others interested may disregard the entry of satisfaction and proceed by scire facias to call upon the mortgagor for the performance of his covenants made for their benefit.

There is no hardship in this. The record of the mortgage shows the extent of the personal interest of the mortgagee and the limits within which his release is effective to extinguish the liability of the mortgagor. The recent case of Adams v. Kuehn, 119 Pa. 76, is cited as an authority for a contrary doctrine, but an examination of that case will show it to be in entire harmony with the rule here laid down. There the promise was not under seal, and the proofs showed the consideration to have moved wholly from the Weaver Brothers. The promise was to pay a debt for which the Weaver Brothers remained liable, and was for their benefit and made to them. Here the promise is under seal, importing a consideration to support it; is to pay to C. F. McClaughry as an original undertaking for her own use, and to be payable only after the decease of the mortgagee. There the right of action was in the promisee and not in his creditor, for the latter was a stranger to the contract and the consideration on which it was founded. Here the right of action is in the party beneficially interested, because the instrument imports a consideration, and because its performance depends upon the survival by the beneficiary of her trustee.

The general principle that one who holds a security in trust for others cannot destroy the interests of his cestuis que trustent, is too familiar to require the citation of authorities in its support. Mortgages are often made to one to secure a series of debts in a prescribed order, or the payment of bonds that are to be sold in the market. The mortgagee may not be a creditor or the holder of a single bond, but he is the holder of the mortgage for the benefit of all who are interested in the debts secured by it. The mere fact that he is named as the mortgagee does not clothe him with the power to extinguish the mortgage regardless of the rights of the real creditors or bondholders, but makes him a trustee for the use and benefit of all persons interested in the debts secured thereby. Such

was the position of M. M. McClaughry as to all the covenants in the mortgage not personal to himself, and his release was operative only to relieve his son from the payments to be made to himself. The court below was right, therefore, in entering judgment, and

The judgment is affirmed.