27⎤ 471⎤
31 SC ¹613⎦

## Stroud *versus* Casey.

Where two individuals in possession of distinct portions of premises execute a joint mortgage of them, it is presumed that they are equal owners of such premises and equally liable for the mortgage debt.

If the legal title be vested in one of the mortgagors, and he afterwards conveys to the other the part occupied by the latter for a nominal consideration, it will be the mere conveyance of the legal title in accordance with a pre-existing equitable right.

Where the part of him in whom the legal title was originally vested, is sold on a judgment entered subsequent to the mortgage, and the purchaser at sheriff's sale of such part pays off the mortgage to prevent a sale of the premises under it, he is not a volunteer, but entitled to recover a moiety of the amount in assumpsit from the other mortgagor.

ERROR to the Common Pleas of *Delaware county.*

This was an action of *assumpsit*, brought by James Stroud against John R. Casey.

On the trial in the court below, the following facts appeared. On the 19th July, 1841, John Larkin and wife conveyed a small tract of land to Edward Waggoner. On the 6th June, 1842, Waggoner and Casey mortgaged a part of this same land to the corporation of St. Martin's Church, to secure the payment of $275. At the date, and before the mortgage, Waggoner and Casey were both in possession, and residing upon the mortgaged premises. This mortgage, on the 22d December, 1845, was assigned to Benjamin F. Johnson. By indenture, dated 7th July, 1842, Waggoner and wife conveyed about one-half of the ground covered by the mortgage to Casey, for the consideration of one dollar. Judgments were afterwards entered against Waggoner in favour of Larkin, Casey, and Stroud, respectively in the order of time in which they are named. The house and ground remaining to Waggoner, after the conveyance to Casey, were sold under executions issued upon Stroud's judgment, and purchased by Stroud, in February, 1852. The proceeds were applied, first to pay the judgment of Larkin, and the balance to Casey's.

The assignee of the mortgage issued a *scire facias*, and obtained judgment upon it; and a *levari facias* was issued to November Term, 1853. Stroud offered to pay the mortgage, upon having it assigned to him, but this was declined. The sheriff was directed

[*Stroud v. Casey.*]

to sell first the lot held by Stroud, before proceeding to sell the part conveyed to Casey. Stroud then paid to the sheriff the debt, interest, and costs upon the mortgage, and gave notice to the plaintiff's attorney not to enter satisfaction on the mortgage, and to the sheriff to pay the money into court. A rule taken on behalf of Stroud, to show cause why the mortgage should not be marked for his use, was discharged, and satisfaction was entered upon the same.

This action of *assumpsit* was then brought by Stroud against Casey, to recover from him his proportional share of the mortgage-debt placed upon the premises by himself and Waggoner.

The plaintiff presented the following points:—

1. The evidence shows that the defendant was the mortgagor in a certain mortgage jointly with Edward Waggoner; that the plaintiff was the owner of a part of the mortgaged premises under a sheriff's sale; and that, on a *levari facias* issued on a judgment recovered on the mortgage, the mortgaged premises were about to be sold; whereupon the plaintiff was obliged, in order to prevent a sale of his own property, to pay off the mortgage-creditor. Under such circumstances, the payment by the plaintiff was in discharge of a duty incumbent on the defendant as original mortgagor, and the plaintiff is entitled to recover the sum paid the sheriff.

2. The facts in evidence in this case show that the money paid by the plaintiff was in relief of the obligation of the defendant, and the plaintiff is entitled to recover.

3. The plaintiff is entitled to recover at least a proportional part of the money paid to the sheriff.

The court below (HAINES, P. J.) answered these points in the negative, and directed the jury to find for the defendant.

This was the error assigned.

*Lewis*, for plaintiff in error.

*Darlington*, for defendant in error.

The opinion of the court was delivered by

LEWIS, C. J.—Edward Waggoner and John R. Casey, being severally in possession of two houses and lots of about equal value, executed a joint mortgage on the two lots, to secure a debt to the corporation of St. Martin's Church. The mortgage is not set forth at length in the paper-book, nor are we furnished with the bond secured by the mortgage. The possession of the property by the mortgagors at the execution of the mortgage, and the act of joining in that instrument, justify the inference that they were equal owners of the mortgaged premises. The subsequent con-

[Stroud v. Casey.]

veyance by Waggoner to Casey, for the consideration of one dollar, of the premises occupied by the latter before, seems to be nothing more than the conveyance of the mere legal title, in accordance with the pre-existing equitable right. There is nothing on this record to support the allegation that Casey was only surety for Waggoner. On the contrary, the presumption, as the evidence stands on the record, is that the mortgage was given to secure a joint debt of the mortgagors. By the sheriff's sale on a judgment against Waggoner, entered after the mortgage, Stroud became entitled to Waggoner's interest, subject to the lien of the mortgage. He was, therefore, no volunteer in paying off the mortgage. He was compelled to do so, to save his property from sale. Under these circumstances, Stroud was entitled to recover one-half of the money so paid, with interest from the time of the payment. The court fell into error in denying him this measure of justice.

Judgment reversed and *venire facias de novo* awarded.