## Darlington v. Darlington, Appellant.

*Will—Equitable conversion.*

To work a conversion of real estate into personalty, there must be either a positive direction to sell, an absolute necessity to sell in order to execute the will, or such a blending of realty and personalty, by the testator, in his will, as to clearly show that he intended to create a fund out of both real and personal estate, and to bequeath the same as money. A bare power of sale does not work a conversion until exercised.

Where testator directs that his debts and funeral expenses shall be paid by his executors, and to enable these to be paid authorizes and empowers his executors to sell all his real and personal estate, but the power is not exercised by reason of the sufficiency of the personal assets, the residuary devisee takes the land as real estate.

*Ejectment—Acceptance of benefit of will—Evidence.*

In an action of ejectment where plaintiff claims as devisee under her husband's will, it is not necessary for her to prove either acceptance or election to take under the will. The presumption is that every devisee has accepted the bounty of his or her devisor; but, if evidence of acceptance were necessary, plaintiff's assertion of title by bringing the suit would be sufficient.

*Statute of frauds—Ejectment—Evidence.*

In an action of ejectment, where plaintiff claims title as devisee under her husband's will, evidence that the executors of the will, under a mere power of sale in the will, entered into an agreement to sell the land to defendant, and that plaintiff assented to this agreement, is not admissible under the statute of frauds.

Argued Feb. 5, 1894. Appeal, No. 324, Jan. T., 1893, by defendant, Joseph H. Darlington, from judgment of C. P. Chester Co., Aug. T., 1892, No. 4, on verdict for plaintiff, Lydia Ann Darlington. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment. Before WADDELL, P. J.

At the trial, it appeared that plaintiff claimed title under the will of her husband, Job G. Darlington.

The material portions of the will were as follows:

" 1st. I order and direct that all my just debts and funeral expenses be paid by my executors hereafter named as soon as it can conveniently be done after my decease.

" 2d. And in order to enable them to pay the same, I do au-

thorize and empower them to sell all my real and personal estate within one year after my decease, either at public or private sale as they may think best and make and execute a deed or deeds to the purchaser or purchasers thereof in fee, for the said real estate.

" 3d. I do give and bequeath to my grandson, Joseph H. Hilton, the sum of three hundred dollars, I do give and bequeath to my daughter Phebe Ann Jones and to my granddaughter Della A. Jones five dollars each, and to my daughter Dellilah Shird the sum of fifty dollars ($50).

" 4. Then all the residue or remainder of my estate I do give and bequeath to my wife Lydia Ann Darlington to her heirs and assigns.

" Lastly, I do hereby make, constitute and appoint my wife Lydia Ann Darlington and my grandson Joseph H. Hilton executors of this my last will and testament with full power to carry out the same."

Defendant offered to show that, after death of Job G. Darlington, plaintiff agreed with defendant that the property now in dispute, or its proceeds, was to belong to defendant, and that the property at Oxford, or its proceeds, were to go to her, or the estate of her husband, coming to her under the will.   Objected to as making title by parol.   Objection sustained and exceptions. [5–8]

Defendant then offered to prove that, prior to the time the agreement between Jos. H. Hilton, executor, and Jos. H. Darlington, dated Feb. 14, 1891, was made, and after the death of Job G. Darlington, plaintiff and defendant had a discussion about the validity of a certain $7,000 note, and that they agreed to settle all controversy between them by allowing Joseph to have the proceeds of this farm now in dispute, and the widow was to receive the Oxford farm.   Same objection as before.   Objection sustained and exceptions. [9]

Defendant then offered in evidence the agreement of Feb. 14, 1891, to be followed by testimony that plaintiff assented to this agreement, consented to it, and it was done with her authority. Objected to.   Objection sustained and bill sealed. [10]

The agreement was as follows:

" Whereas, letters testamentary on the estate of Caleb Darlington, were duly granted to Job G. Darlington, and he being

now deceased, it is necessary to obtain letters of administration with the will annexed.

"And Whereas, It is alleged by Joseph H. Darlington, that when the debts of Caleb Darlington, deceased, are all paid, they will consume all of his estate, real and personal, and that there will, in fact, not be sufficient estate to pay all of his debts.

"Now, for a valuable consideration, it is agreed by and between Joseph H. Hilton, executor of Job G. Darlington, and Joseph H. Darlington, that the letters of administration with the will annexed, shall be granted on the estate of Caleb Darlington, to J. Carroll Hayes, of West Chester, who shall proceed at once to sell all the real estate of said Caleb Darlington, by order of the orphans' court, for the payment of debts. And that after deducting the expenses attending the administration and sale of the real estate, of said Caleb Darlington, located near Oxford borough, in East Nottingham township, said administrator shall pay over to said Joseph H. Hilton, executor as aforesaid, the net balance of the proceeds of said real estate, which shall be in full settlement and payment of all claims and demands of the estate of Job G. Darlington against the estate of Caleb Darlington, deceased." Signed by the parties.

Binding instructions for plaintiff were given. [1, 2]

Defendant's points were, among others, as follows:

"2. No evidence having been presented by the plaintiff of any acceptance of the real estate, or of any election to take the same, the verdict must be for the defendant. *Answer:* As between these parties we cannot say that that is necessary, and the second point is therefore disaffirmed." [4]

3. Request for binding instructions. Refused. [3]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–4) instructions; (5–10) rulings on evidence; quoting instructions, bills of exceptions and evidence.

*Wm. M. Hayes, J. Carroll Hayes* with him, for appellant.— An equitable conversion was wrought by the terms of the will, and hence plaintiff could not maintain an action of ejectment: Silverthorn v. McKinster, 12 Pa. 72; Adams's Est., 148 Pa. 398; Gantert's Petition, 136 N. Y. 106; 2 Rhone's O. C. Pr.,

p. 182; Fahnestock v. Fahnestock, 152 Pa. 56; Jones v. Cald-
well, 97 Pa. 42; Roland v. Miller, 100 Pa. 47; Lehman's Ap.,
105 Pa. 141; 3 Trickett on Liens, § 202; Paist's Est., 1 Mona.
523; Marshall's Est., 147 Pa. 77; Dundas's Ap., 64 Pa. 325;
Philadelphia's Ap., 112 Pa. 470; Evans's Ap., 63 Pa. 183;
Allison v. Wilson, 13 S. & R. 332; Miller v. Meetch, 8 Pa.
417; Morrow v. Brenizer, 2 Rawle, 185; Allison v. Kurtz, 2
Watts, 185.

In our case there has been no election to take the land un-
converted: Beatty v. Byers, 18 Pa. 105; Miller v. Meetch, 8
Pa. 417; Evans's Ap., 63 Pa. 183.

The land being therefore regarded in equity as personalty,
it could be dealt with by parol: Mellon v. Reed, 123 Pa. 17;
Reed v. Mellor, 122 Pa. 635; 3 Trickett on Liens, § 201.

Another ground for the admission of this evidence is upon
the principle of estoppel: 2 Herman on Estoppel, p. 1191; Gas
Co. v. Cook, 123 Pa. 170; Lewis v. Baker, 151 Pa. 529.

In this case the executor of Job G. Darlington was but carry-
ing out his testator's wishes in making this written agreement:
McNair's Ap., 4 R. 148.

The written agreement should be construed as a contract of
sale: McMahan v. Davis, 19 Pa. 354; Callen v. Hilty, 14 Pa.
286; Williamson v. McClure, 37 Pa. 402; Allison's Ap., 77
Pa. 221; Coal Co. v. Harlan, 27 Pa. 429; Pratt v. Campbell,
24 Pa. 184.

This was a family compromise of doubtful rights, and, as
such, favored by the law: Chamberlain v. McClurg, 8 W. &
S. 31; Cavode v. McKelvey, Add. 56; Chahoon v. Hollenback,
16 S. & R. 433; Brown v. Sloan, 6 Watts, 421; Perkins v.
Gay, 3 S. & R. 327; Rice v. Bixler, 1 W. & S. 445; Good v.
Herr, 7 W. & S. 254; Shartel's Ap., 64 Pa. 25; Bierer's Ap.,
92 Pa. 265; Bruner's Ap., 57 Pa. 53; McNair's Ap., 4 Rawle,
148.

Executors have by law the power of a judicious compromise
with reference to the estate: 7 A. & E. Ency. L., p. 285; 3
Rhone's O. C. Pr. § 116; Bruner's Ap., 57 Pa. 46; Pusey v.
Clemson, 9 S. & R. 204; Billington's Ap., 3 Rawle, 57;
Dougherty v. Stephenson, 20 Pa. 210; DeHaven v. Williams,
80 Pa. 482; Hufnagle's Est., 23 Pitts. L. J. 121; Parker v.
Steamboat Co., 23 Atl. R. 102; Heisler v. Sharp, 44 N. J. Eq.

172; Rogers v. Hand, 39 N. J. 270; Chouteau v. Suydam, 21 N. Y. 179; Auken v. Keiner, 9 N. Y. 669.

The executor could effect a reasonable compromise affecting the real estate, and convey a good title as against residuary legatees: Bruner's Ap., 57 Pa. 46.

*Alfred P. Reid,* for appellee, not heard.—There was no conversion of this land by the will of Job G. Darlington, and the appellee took the same as land: Hunt & Lehman's Ap., 105 Pa. 141; Swift's Ap., 87 Pa. 503; Bisph. Eq. § 312; Perot's Ap., 102 Pa. 256; Wilkinson v. Buist, 124 Pa. 261; Fidler v. Lash, 125 Pa. 93; Moores v. Moores, 41 N. J. L. 440; Chew v. Nicklin, 45 Pa. 84; Nagle's Ap., 13 Pa. 260; Sheridan v. Sheridan, 136 Pa. 14; Peterson's Ap., 88 Pa. 397; Bleight v. Bank, 10 Pa. 131; Brown v. Dysinger, 1 Rawle, 408; Cobel v. Cobel, 8 Pa. 342; 2 Wms. Exrs. 817; Anewalt's Ap., 42 Pa. 414; Henry v. McCloskey, 9 Watts, 145; Luffberry's Ap., 125 Pa. 513; Jackson v. Jansen, 6 Johns. 73.

This action was an election, if one was necessary: 2 Jarm. Wills, 189.

As appellee took the property as land by force of the will, the written agreement of the executor could not affect her rights, and was therefore not admissible as evidence against her in this action; and the statute of frauds was a bar to the admission of any parol evidence to affect her title.

OPINION BY MR. CHIEF JUSTICE STERRETT, Feb. 26, 1894:

To maintain the issue on her part, the plaintiff gave in evidence, inter alia, deed of March 28, 1805, from Benjamin Hawley and wife, to Joseph Darlington, for the land in controversy, being part of a larger tract patented to said grantor; also will of Joseph Darlington, probated May 12, 1821, devising same to his wife for life, remainder in fee to his children, of whom his two sons Job G. and Caleb were the survivors; also, deed of February 5, 1867, from Job G. Darlington and wife to his brother Caleb, for his undivided interest in same; also, will of Caleb Darlington, probated December 11, 1890, by the residuary clause of which he devised same land as follows: " All the rest, residue and remainder of my estate, real, personal and mixed, I give, devise and bequeath to my brother Job G. Dar-

lington, and to his heirs forever;" also, will of Job G. Darlington, dated December 13, 1890, and probated February 13, 1891, wherein he directed, 1st, that all his just debts and funeral expenses should be paid by his executors; and, 2d, "in order to enable them to pay the same, I do authorize and empower them to sell all my real and personal estate," etc. He then gave four small legacies, aggregating $360, and disposed of the residue of his estate as follows: "Then all the residue and remainder of my estate I do give and bequeath to my wife Lydia Ann Darlington, to her, her heirs and assigns."

Independently of the land in controversy the estate of Caleb Darlington, who died December 1, 1890, was sufficient to pay all his debts and legacies and, in addition thereto, $836.12 to the estate of Job G. Darlington, his residuary legatee. The land in dispute was not sold by the executor; and, so far as appeared at the trial in November, 1892, there were no debts or funeral expenses unpaid, or anything else, requiring the exercise of the power of sale contained in the will.

The learned president of the common pleas was of opinion that the record evidence, consisting of the said deeds, wills, etc., introduced by the plaintiff, made out a prima facie legal title in her to the land in controversy, and he accordingly instructed the jury that her title was sufficiently established, and their verdict should therefore be in her favor. This instruction is the subject of complaint in the first and second specifications of error.

In the absence of any countervailing evidence, on the part of the defendant, tending to show title in him, we think there was no error in the instructions complained of. The evidence showed that her husband, seized of the land in controversy, devised the same to her in fee. There was no conversion of the land into personalty by anything contained in his will. It contains no direction to his executors to sell the land in question. It gives them merely power to sell, "in order to enable them to pay" his debts and funeral expenses. To work a conversion of real estate into personalty, there must be either (*a*) a positive direction to sell; or (*b*) an absolute necessity to sell in order to execute the will; or (*c*) such a blending of realty and personalty, by the testator, in his will, as to clearly show that he intended to create a fund out of both real and personal

estate, and to bequeath the same as money. In the first, the intention to convert is expressed. In the latter two it is implied. Where the result is to change the course of inheritance, the law does not favor conversion, and it will be presumed only so far as is necessary to effectuate the intention of the testator: Hunt's Appeal, 105 Pa. 141; Swift's Appeal, 87 Pa. 503; Perot's Appeal, 102 Pa. 256; Wilkinson v. Buist, 124 Pa. 253; Fidler v. Lash, 125 Pa. 87.

A bare power of sale, such as that given in the will under consideration, like a discretionary power, does not work a conversion until exercised: Sheridan v. Sheridan, 136 Pa. 14; Peterson's Ap., 88 Pa. 397.

In this case, there was no sale under the power given in the will; nor does it appear that there was or is any necessity to exercise the power. It therefore follows that the land in controversy passed, as realty, to the plaintiff, devisee thereof under her husband's will.

Defendant's points for charge recited in the third and fourth specifications were rightly refused. In the former, binding instruction to find for defendant is requested; in the latter, the court is asked to say that the verdict must be for defendant, because there is no evidence of plaintiff's acceptance of the real estate, or of her election to take the same. For obvious reasons, neither of these points could have been affirmed. We have already seen that plaintiff's claim of title, etc., was sustained by the evidence; and, as devisee under her husband's will, her title was complete without proof of either acceptance or election to take. The presumption is that every devisee has accepted the bounty of his or her devisor; but, if evidence of acceptance were necessary, plaintiff's assertion of title by bringing this suit is sufficient.

The subjects of complaint in the remaining six specifications are the rejection of the several offers of evidence recited therein respectively. The obvious answer to each of these offers is that the statute of frauds is a bar to the admission of such evidence for the purpose of showing title out of the plaintiff. The written agreement of the executor recited in the tenth specification could not affect her right, and was therefore not admissible against her in this action. Nor is there anything in the case on which estoppel can be grounded. Plaintiff acquired nothing

under the agreement referred to, nor did defendant lose anything thereby to which he was entitled. His allegation of the insolvency of Caleb Darlington's estate, recited in said agreement, etc., proved to be unfounded, as appears by the decree in Darlington's Estate, 147 Pa. 624, to which we have been referred.

The case was carefully and accurately tried, and there appears to be nothing in the ruling of the court below of which the defendant has any just reason to complain.

Judgment affirmed.