In re Estate of John P. Bryce, Deceased.  Appeal of John Kevan and Stella K. Bryce.

*Gift—Acceptance—Election—Evidence.*

Because of the implied benefit to a donee his assent will be presumed, and the burden of proof is upon those who allege a refusal to accept; but a mere refusal to accept does not raise a presumption of an election to take something else.  An election must be affirmatively shown either by proof of declaration or of unequivocal acts from which an election may be inferred.

Where a father directs that a house shall be built on a lot devised to the son, but the son refuses to have the house built, and does not elect to take the value of the house in money, his representatives cannot after his death claim the value of the house from the father's estate.

Argued Oct. 28, 1899.  Appeal, No. 118, Oct. T., 1899, by John Kevan and Stella K. Bryce, from decree of O. C. Allegheny County, Sept. T., 1898, No. 80, and Nov. T., 1898, No. 52, dismissing exceptions to adjudication.  Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Exceptions to adjudication.

John Bryce died August 3, 1888, leaving a widow, Mary Bryce, and four children, viz : Charles K., Robert D., John P. and Ida Bryce.  By his will, of which his widow was appointed executrix, he devised item four to Charles K., four lots with the . buildings thereon ; item five to Robert D., the half of six lots with a house thereon erected ; item six to John P., the other half of said lots, directing that a house of equal value to the house on Robert D.'s should be erected thereon, " to have and to hold the said one half of said lots and the house to be erected thereon to him my son John P. Bryce, his heirs and assigns forever."

Mary Bryce, executrix of John Bryce, filed an account at

September term, 1898, to which exceptions were filed by Stella K. Bryce, widow of John P. Bryce, which exceptions were afterwards by leave of court joined in by John Kevan, administrator of said John P. Bryce, deceased.

The tenth exception was as follows:

Accountant, in claiming she is entitled to credit for the use of the residuary estate, erroneously assumes the residuary estate to be more or greater than it is. The testator evidently considered he had equalized the devises to Charles K. Bryce, Robert D. Bryce and John P. Bryce by the seventh item of his will directing the accountant, his wife and executrix, to divide the residuary estate equally among the four children, after first equalizing Ida with her brothers, and taking into consideration the "value at the time of my death of the property hereinbefore specifically devised to my sons." In the sixth item of the will he had used these words: "And I do direct that there shall be erected upon the half of said lots devised to my son John P. Bryce a house of equal value to the one now erected upon the half of said lots devised to my son Robert D. Bryce." Said house has not been built, and said John P. Bryce's estate is entitled to compensation for the delay, and exceptant here, as his widow, is entitled to have dower of his estate from his death as if said house had been constructed as directed. And, until the cost of said house as well as the debts, funeral expenses, etc., are deducted from the whole estate the residuary estate cannot be ascertained, but accountant is entitled only to the use of, and credit for the use of, the residuary estate.

The facts appear by the opinion of MESTREZAT, P. J., of the 14th judicial district, specially presiding, on the exceptions, which was as follows:

The tenth exception is most inartificially drawn for the purpose for which it was intended. The learned counsel for the exceptant, on the oral argument, claimed that as no house had been erected on the lots devised to John P. Bryce, as directed in the will of the testator, the estate of John P. Bryce is entitled to have awarded to it the value of the house. In considering this claim it is necessary to ascertain what John P. Bryce did in respect to the house and the effect of his action. The sixth clause of the testator's will devises to John P. Bryce cer-

tain real estate in the borough of Homestead, in Allegheny county, and directs that there shall be erected thereon a house of equal value to the one erected upon the lots devised to his son Robert D. Bryce. This provision was not carried out, and no house was built on the real estate devised to John P. Bryce.

John Bryce, the testator, died August 3, 1888. John P. Bryce, son of the testator and his devisee, died September 6, 1896, leaving a widow, Estella K. Bryce. After the death of his father John P. Bryce resided with his mother, the accountant, till the time of his death. Mary Bryce, the executrix, being on the witness stand, was interrogated by exceptant's counsel as follows: " Q. Was such house (directed to be built for John P. Bryce) built, and if not why not? A. It was not built because John P. Bryce never wanted it built. He told me that himself. Q. Did he then release his claim for a money consideration in respect of the failure to build that house, either in writing or verbally? A. He never said anything to me except what I have told you. He said he never wanted a house there, and that is all I ever heard him say." That is all the testimony on the subject. We think it clear from the language used that John P. Bryce declined to accept the testator's bounty. This he had a right to do, and he did so in unmistakable language. His reasons for thus renouncing his rights under the will are immaterial, yet it requires no stretch of the imagination to discover them. His mother, a life devisee and legatee of her husband's estate, gave her son a residence and home after his father's death and until his own death. He therefore had no use as a residence for the house which the testator directed to be built. John P. Bryce had no children, and the only survivor of his immediate family was his widow, who became his wife in the later years of his life. His estate, subject to his widow's interest, goes to his mother, brothers and sisters. The refusal to accept the house by John P. Bryce was made to the proper party, the executrix, who represented the estate. The language used by him to the executrix was sufficient for the purpose as between John P. Bryce and the residuary legatees and devisees. Says Chief Justice STERRETT in Tarr v. Robinson, 158 Pa. 63: " The burden of proof is on those who allege refusal to accept. As between Melker Tarr, the devisee in this case, and the residuary de-

visees, this burden would have been sustained by a simple verbal disclaimer, consistent, of course, with his other conduct, made to the administrators with the will annexed, who had possession and who represented all parties beneficially interested, and as there is no middle ground between acceptance and refusal, such disclaimer must have been final, not only as between these parties, but as to all those who claimed under them with notice." John P. Bryce survived his father more than eight years. In all that time, whenever the subject was discussed, he refused to have the house erected on the lots, and never demanded or claimed the money in place of it. He had ample time to consider the matter and to ascertain his rights under the will. He was not acting hastily and in ignorance of his rights. His action was taken after mature deliberation, and we must presume with a full knowledge of the facts. His intention was therefore to refuse the gift, and it was refused by his express declaration to that effect. The testator does not bequeath to his executor or to John P. Bryce a sum of money to be used for a particular purpose, but devises to his son (a house) " of equal value " to the house then erected upon the lots devised to his son Robert. There is, then, no gift or bequest of any sum for any particular purpose, but a direction that a certain thing be done, viz : a house shall be erected for his son. The law is well settled that where a sum of money is bequeathed to purchase for a person any specific thing, the legatee may claim the money instead of having it applied to the specific purpose. It is not, however, so clear that the bequest under consideration is of this character. But considering that the beneficiary, under this paragraph of the will, instead of insisting on the erection of the house had the right to elect to take the money instead of insisting on the erection of the house, he failed to make such election or to do any act indicative of an intention to make such an election. It will be observed in the testimony above quoted that the executrix was asked whether John P. Bryce had " released his claim for a money consideration," and she replied that he had never said anything except that he never wanted a house there. He therefore never elected to take the money or demanded it instead of the house. As we have said he had a right to decline to have the house erected, he could have demanded of the executrix the

value of it, but did not do it.   In refusing to have the house
built he did not necessarily elect to take the value of the house
in money.   His language is not capable of such a construction.
Unless, therefore, we hold that his declaration that he "never
wanted a house there" is equivalent to an election to take the
value of the house in money, and not a refusal to have the house
built, we cannot sustain this exception.   That such language
does not establish an election we think is clear.   In 3 Pome-
roy's Eq. 144, sec. 1177, it is said: "An election may be in-
ferred from acts or writings.   Any act or writing which shows
an unequivocal intention to possess property in its actual state
and condition will amount to a valid election."   See also Sledd's
Executors v. Carey, 11 B. Monroe, 181.   There must be an in-
tention to take the property in its actual condition: Harcourt
v. Seymour, 2 Sim. N. S. 12.   The same principle applies here
as in cases of election to take land directed to be sold instead
of its proceeds.   In all such cases the election must be by un-
equivocal act: Beatty v. Byers, 18 Pa. 105; Evans's App., 63
Pa. 183.   In Beatty v. Byers, supra, Mr. Justice BELL says:
"This manifestation (of intention to elect) may be by acts in
pais, but these must be of such a character as to leave no rea-
sonable doubt of the intent."   The election must be by some
decisive act showing the party's intention: Henderson v. Hen-
derson, 133 Pa. 408.   There has been shown no declaration or
"decisive act" on the part of John P. Bryce indicating an "un-
equivocal intention" to take the money value of the house
instead of the house itself.   We do not think this objection
can be sustained, and hence it is overruled.

The exceptions not specially referred to above are overruled
and dismissed.

*Errors assigned* were in dismissing exceptions to adjudication.

*Joseph Forsythe*, for appellants, cited Tarr v. Robinson, 158
Pa. 60; Hart v. Carroll, 85 Pa. 510; Allison v. Burns, 107 Pa.
53; Erie & Wyoming Valley R. R. Co. v. Knowles, 117 Pa.
77; Derr v. Ackerman, 182 Pa. 596.

*George J. Wolf*, for appellee, cited Phillips v. Phillips, 8

Watts, 196; Sledd's Executors v. Carey, 11 B. Monroe, 181; Harcourt v. Seymour, 2 Sim. N. S. 12; Beatty v. Byers, 18 Pa. 105; Evans's App., 63 Pa. 183; Henderson v. Henderson, 133 Pa. 408.

OPINION BY MR. JUSTICE FELL, December 30, 1899:

The testator devised to his son, John P. Bryce, three lots of land, and directed by his will that a house should be erected on the lots equal in value to a house which he had erected on other lots devised to another son. John P. Bryce had before his father's death lived with his mother who was executor of her husband's will; and he continued to live with her until his death, which occurred eight years later. The house was not built because he did not want it built. The appellants claimed to have awarded to them from his father's estate the value of the house in money. This claim was resisted on the ground that he had declined to accept his father's gift.

Because of the implied benefit, the assent of a donee will be presumed, and the burden of proof is upon those who allege a refusal to accept: Tarr v. Robinson, 158 Pa. 60. But a mere refusal to accept does not raise a presumption of an election to take something else. An election must be affirmatively shown either by proof of declarations or of unequivocal acts from which an election may be inferred. The testimony presented at the audit was exceedingly meager, but it was clear, distinct and unimpeached, and it fully warranted the conclusion reached by the learned judge of the orphans' court, that John P. Bryce had declined to have a house built. The refusal was definite; he said he never wanted a house built on the lots; and there was nothing to show an intention to postpone the right, or to show an election to take the value of the house in money.

The decree is affirmed at the cost of the appellants.