## Heilig, Appellant, v. Heilig.

*Mortgage—Delivery—Recording—Mortgage to heirs of living persons.*

A mortgage under seal executed and recorded and made payable to the "heirs" of a husband and wife five years after their death is a valid instrument, and recovery may be had on the mortgage by the children of the husband and wife after the death of the latter.

Argued Nov. 15, 1904. Appeal, No. 37, Oct. T., 1904, by plaintiff, from judgment of C. P. Lancaster Co., April T., 1901, No. 6, on verdict for defendant in case of Leonard P. Heilig et al. v. Sarah A. Heilig et al. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Scire facias sur mortgage. Before LANDIS, J.
The facts appear by the opinion of the Superior Court.
Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendants.

*B. F. Davis*, for appellants.—We think that Jacob R. Heilig had no right or authority, under the language of this mortgage, to enter a satisfaction thereof: Dreer v. Penna. Co. for Ins., etc., 108 Pa. 226; McClaughry v. McClaughry, 121 Pa. 447. The word "heirs" in this case, is a word of purchase: Clark v. Scott, 67 Pa. 446; Huss v. Stevens, 51 Pa. 282.

A grant to the heirs of a deceased person is good, for the grantees may be ascertained by extrinsic evidence: Shaw v. Loud, 12 Mass. 447; Hodge's App., 8 W. N. C. 209; Flint v. Steadman, 36 Vt. 210; Houghton v. Kendall, 89 Mass. 72; Mace v. Cushman, 45 Me. 250; Mullen v. Reed, 64 Conn. 240 (29 Atl. Repr. 478).

The court below were also in error in holding that the mortgage in suit was testamentary, citing Turner v. Scott, 51 Pa. 126, and cases following in that line. But it is not testamentary, because, it vested a present interest and the shares of each of the appellants could have been transferred or attached at any time before the death of either Elizabeth

or Jacob R. Heilig: Evans' Estate, 155 Pa. 646; Muhlenberg's Appeal, 103 Pa. 587; Greenfield's Estate, 14 Pa. 489; Cooke v. Colehan, 2 Strange, 1217.

In the case in hand, the mortgage was recorded, and if it was a gift, the recording would be a delivery of the gift, and, therefore, not revocable: Rigler v. Cloud, 14 Pa. 361; Ingles v. Ingles, 150 Pa. 397; Barclay's Estate, 33 Legal Int. 108.

*C. Reese Eaby,* for appellee.—The mortgage belonged to Elizabeth Heilig and Jacob R. Heilig, and was given to them. The mortgage was given by Sarah A. Heilig and Simon P. Heilig to Elizabeth Heilig and Jacob R. Heilig, and belonged to them, and the said Elizabeth Heilig and Jacob R. Heilig, her husband, had a perfect right to receive the money due on said mortgage in their lifetime, and if not paid to them in their lifetime, the mortgage then, by the doctrine of survivorship, belonged to the survivor of them, who was Jacob R. Heilig, and he had a right, as stated, to receive the balance due and enter satisfaction for the same: Bramberry's Est., 156 Pa. 628; Gillan v. Dixon, 65 Pa. 395; Perry's Est., 188 Pa. 33.

The appellants in this case have no standing to recover for the reason that the mortgage was without consideration from them and was never delivered to them: Walsh's App., 122 Pa. 177; Baskett v. Hassell, 107 U. S. 602 (2 Sup. Ct. Repr. 415); Hemphill's Est., 180 Pa. 87; Kidder v. Kidder, 33 Pa. 268; Trough's Est., 75 Pa. 115; Scott v. Lauman, 104 Pa. 593; Harding's App., 106 Pa. 116; Campbell's Est., 7 Pa. 100; Scott v. Dickson, 108 Pa. 6; Waynesburg College's, App., 111 Pa. 130.

There could be no heirs of Elizabeth Heilig and John R. Heilig until both of them were dead, for nemo hœres est viventis, and after they both died there was no mortgage, for they had received its payment in full and entered satisfaction therefor.

The mortgage, so far as these claimants are concerned, was to have no effect until after the death of both Elizabeth Heilig and Jacob R. Heilig and was therefore testamentary and subject to their revocation: Turner v. Scott, 51 Pa. 126; Kisecker's Est., 190 Pa. 476; Frew v. Clarke, 80 Pa. 170; Coulter v. Shelmadine, 204 Pa. 120; Harrison's Est., 196 Pa. 576.

OPINION BY HENDERSON, J., July 13, 1905:

The mortgage sued upon was given by the defendants to Elizabeth Heilig and Jacob R. Heilig, her husband, to secure the payment of $1,200, which sum was to be paid, without interest, five years after the death of Elizabeth and Jacob R. Heilig, "share and share alike, to the legal heirs of the said Elizabeth and Jacob R. Heilig," and was regularly recorded. The execution and recording of it are prima facie evidence of delivery : Kille v. Ege et al., 79 Pa. 15 ; Ingles v. Ingles, 150 Pa. 397.   The persons beneficially interested in the mortgage were the " legal heirs of the said Elizabeth Heilig and Jacob R. Heilig."   No provision was made for payment of principal or interest to Elizabeth or Jacob R. Heilig.   If the term " legal heirs " describes and identifies persons capable of taking under the mortgage, the relation of Elizabeth and Jacob R. Heilig to the fund secured is that of trustees merely. As mortgagees they were trustees for the persons to whom the debt was to be paid at the time it became due.   The mortgage being under seal imports a consideration which is applicable to all of its covenants.   If there are persons other than the mortgagees beneficially interested they are the only ones who can enforce performance of the covenant to pay, or release, or satisfy.   No action was required on the part of the mortgagees. The material question then is, did the plaintiffs acquire an interest under the terms of the mortgage ?   At the time of the execution of the instrument, Elizabeth and Jacob R. Heilig had six children, all of whom survive them, and five of whom are plaintiffs in this action.   Taking into consideration the fact that the property is personal, the term " legal heirs " of persons then living should be taken in its popular sense.   So understood the language of the mortgage indicates that the persons intended to be made payees were the children of the mortgagees.   The intention was to make a present gift of an obligation payable in the future.   The children would have been the distributees of the mortgagees under the statute of distribution : Evans's Estate, 155 Pa. 646 ; Masonic Aid Association v. Jones, 154 Pa. 99 ; Flint v. Steadman, 36 Vt. 210 ; Love v. Francis, 63 Mich. 181.   (20 N. W. Repr. 843.)

In the view which we take of this transaction it amounted to a gift inter vivos of the sum named in the mortgage, the title

to which vested immediately in the children of the mortgagees. By placing the mortgage on record such a delivery was made as in the nature of the case was practicable, and the children alone have legal standing to enforce payment of the debt. On the ground of implied benefit, the assent of the donees will be presumed, though they may have been ignorant of the trans-action, and will continue unless rejected by them: Tarr v. Robinson, 158 Pa. 60.

The mortgagors and mortgagees evidently intended at the time of the execution of the mortgage to create a valid obli-gation on the part of the mortgagors, by the terms of which payment should be made after the death of the mortgagees to the persons described. The personal estate included in the mortgage was thus fixed in the beneficiaries as a gift, and it was not in the power of the trustees to recall or impeach it. The principle involved was discussed in McClaughry v. Mc-Claughry, 121 Pa. 477. See also Greenfield's Estate, 14 Pa. 489, where the exclusive right of the beneficiary in the mort-gage was clearly recognized. As between the plaintiffs and defendants the obligation is direct and for a valuable consid-eration. It is not the case of a promise to make a gift, or the use of words in præsenti unaccompanied by delivery. No fur-ther action was required by the mortgagors or mortgagees or the beneficiaries until the time of payment should arrive. No action could be prosecuted on the mortgage during the lives of the mortgagees as nothing was payable thereon during that period. The case of Love v. Francis, 63 Mich. 181, (29 N. W. Repr. 843) is like this in all of its essential features. It was there held that a note payable to the heirs of the obligee four years after his decease, secured by a mortgage with like condi-tions as to payment, constituted a valid gift to the heirs ; that the term " heirs " referred to a class of persons then in being and bearing the relation to him which would constitute them his legal heirs at his death, and that by placing the mortgage on record he had made a sufficient delivery of the thing given.

As we have already seen, the recording of the mortgage raises a presumption of delivery, and considering the number of persons beneficially interested, perhaps the only delivery of which the subject was susceptible.

The covenant to pay was for the benefit of the children of

Elizabeth and Jacob R. Heilig.　They were therefore the only persons who could receive payment and satisfy the mortgage. Having no interest in the fund, Jacob R. Heilig had no authority, either individually or as administrator of his wife's estate, to release the obligation which the defendants had created.

We are unable to agree with the conclusion of the learned trial judge that the action cannot be maintained because the mortgage was testamentary in character and therefore revocable. The instrument sued upon is not the deed of the mortgagees. They did not execute any testamentary writing or instrument disposing of their property to become operative after their death. The instrument sued upon recognizes the existence of a debt arising out of a valuable consideration payable to other persons than the mortgagees. It is a matter of no consequence that the consideration may have moved from the mortgagees to the mortgagors. The covenants for payment existed between the mortgagors and the children of the mortgagees. If any hardship to the terre-tenant exists, he has no one but himself to blame. The record of the mortgage showed that the mortgagee had no interest in the fund, and therefore that his receipt or release would be ineffective to discharge the land from the burden of the lien.

The judgment is reversed and a venire facias de novo awarded.