## Roop, Appellant, *v.* Greenfield.

Argued April 12, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Michael H. Egnal,* for appellant.

*Samuel D. Goodis; Allen J. Levin* and *Sundheim, Folz, Kamsler & Goodis,* for appellee, were not heard.

OPINION BY MR. JUSTICE JONES, May 21, 1945:

The plaintiff, as mortgagee of certain real estate owned by an insolvent at the time of his death, sought to fasten upon the general residuary devisee under the insolvent's will personal liability for delinquent taxes which the mortgagee paid in connection with his acquisition of the title to the property through foreclosure some eight years subsequent to the testator's death.

The question involved concerns the action of the learned court below in discharging the plaintiff's rule for judgment for want of a sufficient affidavit of defense. The sole inquiry is whether the defendant pleads facts in her affidavit which, being assumed to be true for

present purposes, present a legal defense to the plaintiff's claim.[1]

Summarized, the plaintiff's statement of claim avers that the defendant (now Etelka J. Greenfield) was the widow of one Jesse Jay Schamberg who died testate on December 22, 1935, seised (as of January 14, 1931) of the title in fee to a certain described piece of real estate in Philadelphia which was encumbered with a $40,000 mortgage made by a former owner; that the defendant duly offered for probate her deceased husband's will whereof she qualified as the executrix; that the will provided for the payment of the testator's debts and bequeathed and devised to the defendant the general residuary estate; that, by successive assignments, the plaintiff became the owner of the mortgage on June 9, 1944; that on May 15, 1933 (more than two years before the testator's death), the mortgagee, because of existing defaults under the mortgage, had entered into possession of the property; that the property continued to be held at all times thereafter by the mortgagee as long as the mortgage subsisted; that the plaintiff acquired title to the property (for a nominal bid) at a sheriff's sale on October 2, 1944, held pursuant to a judgment of foreclosure in a proceeding on the mortgage instituted by the plaintiff on August 21, 1944, payment of the mortgage principal of $40,000 and accumulated interest of $25,800 then being in default; that the plaintiff paid delinquent school and city taxes on the property, for years prior to the plaintiff's acquisition of the title but subsequent to Schamberg's death, in a specified total amount

---

[1] The plaintiff also filed a separate motion to have stricken out certain "New Matter", contained in the affidavit of defense, as not conforming to the requirements of Sec. 14 of the Practice Act of 1915 (12 P.S. § 431). The learned court below granted that motion on the ground that the alleged "New Matter" was but repetition of facts contained in the affirmative defense. The lower court's action in such regard is not involved on this appeal by the plaintiff.

for the recovery whereof from the defendant, the plaintiff brought the instant suit.

The defendant's affidavit alleges that the estate of her deceased husband was insolvent; that it did not possess sufficient assets to defray the funeral expenses and costs of administration, whereas claims of creditors of the estate amounted to more than $300,000; that the defendant had no (actual) notice or knowledge that her deceased husband was the owner of the property; that she had never received any of the rents, issues or profits therefrom nor, in any other manner, had ever exercised any dominion or control over it; that, upon ascertaining on August 22, 1944 (the day following the plaintiff's institution of the mortgage foreclosure), that the title to the property was in Schamberg at the time of his death, she immediately disclaimed and renounced any interest in the property on her part by a formal writing which she duly acknowledged and caused to be recorded on August 25, 1944, in the office of the Recorder of Deeds for Philadelphia County; that, on the same day, she caused a duplicate original copy of the disclaimer and renunciation to be filed with the Receiver of Taxes of Philadelphia County, a like duplicate original copy to be filed in the plaintiff's foreclosure proceeding and a true and correct copy to be served on the plaintiff's attorney of record; and that, at the time of Schamberg's death and at all times thereafter, the value of the property "was less than the amount of the first mortgage secured thereon."

We think the affidavit of defense was sufficient to put the plaintiff to a trial of his suit. It follows, therefore, that the action of the learned court below in discharging the plaintiff's rule for judgment was correct.

The plaintiff predicates his theory of the defendant's personal liability for the taxes upon the rule of law that a donee or testamentary beneficiary is presumed to have accepted an ostensible gift, bequest or devise. That rule

has been recognized in this State in a line of cases extending from *Tarr v. Robinson,* 158 Pa. 60, 62-63, 27 A. 859, to *Rynier Estate,* 347 Pa. 471, 475, 32 A. 2d 736. See also *In re Estate of John P. Bryce, Deceased,* 194 Pa. 135, 140, 44 A. 1076; *Darlington v. Darlington,* 160 Pa. 65, 71, 28 A. 503; *Thompson v. Griggs,* 31 Pa. Superior Ct. 608, 611; *Heilig v. Heilig,* 28 Pa. Superior Ct. 396, 399. But, it must not be overlooked that the presumption of acceptance of a gift or devise arises out of the supposed benefit inuring therefrom to the donee or devisee. It is but the law's imputation to a donee or devisee of conduct in keeping with the usual and ordinary human experience in such circumstances. The presumption, however, is not a substitute for evidence. It merely furnishes a procedural rule which casts upon a donee or devisee the burden of proving that he did not accept the gift or devise if that be his allegation. See *Watkins v. Prudential Insurance Company,* 315 Pa. 497, 500-503, 173 A. 644, where Justice (now Chief Justice) MAXEY treated fully with the office of a legal presumption.

But, before there can be a presumption of an acceptance of a gift or devise there must exist a subject-matter of some value, however slight, capable of transmission by the putative donor or testator as his bounty. In the instant case, it clearly appears from the facts alleged in the affidavit of defense that the testator's estate was hopelessly insolvent. Necessarily, it had to be used first to pay creditors. Not only did the law so require but the will itself expressly so provided. Obviously, therefore, there was nothing upon which the devise could operate. Had the defendant sought to assume ownership over the property in question, she would have had to take it subject to a mortgage for a principal sum greater than the worth of the property (not to speak of accumulated overdue interest in an amount more than half as large as the mortgage debt) and, in addition, she would have had for appeasement creditors of her deceased husband's estate with claims aggregating more than $300,000.

There is no basis in human experience for inferring, from the mere act of giving or devising, that a designated recipient has accepted a gift or devise which is not only without *any* pecuniary value but which would be a financial millstone around his neck. To give the presumption the conclusive effect in this case, for which the appellant contends, would be to establish arbitrarily as truth a condition contrary to fact. The law is not so vain as to create a presumption where the factual situation essential to its integrity is absent. *Cessante ratione legis, cessat et ipsa lex.* Under the facts alleged by the defendant, the procedural aid afforded by the legal presumption of acceptance is unavailable to the plaintiff. The affidavit of defense shifted the burden of proof to the plaintiff whose duty it thereupon became to offer affirmative evidence that the defendant had, in fact, accepted the devise.

If such proof be offered (which the plaintiff's statement of claim has not yet forecast), it will then be open to the defendant to prove in keeping with her allegations that she never affirmatively accepted the property as hers; that, on the contrary, her conduct throughout from the time of her husband's death was wholly inconsistent with any thought of ownership on her part; and finally, that, when it was first brought to her attention that the property was owned by her husband at the time of his death, she immediately executed and recorded the formal disclaimer and renunciation and forthwith notified all interested parties accordingly. It is true that the latter action was not taken for more than eight years after the husband's death and the probate of his will. But, in view of the facts alleged by the defendant, it is not possible to say as a matter of law that the defendant's action in such regard was belated. From the time of her husband's death, no one, not even the mortgagee, had ever asserted any liability against her on account of the property which had been in the exclusive possession of

the mortgagee from a time antedating by two years the death of her husband and continuously thereafter. With reference to the disclaimer, the question of importance is how promptly did the defendant act after she first ascertained that the property was a part of her deceased husband's insolvent estate. In *Pennsylvania Co., etc., v. Bergson,* 307 Pa. 44, 54, 159 A. 32, this Court emphasized that the timeliness of a disclaimer is to be determined in relation to the donee's acquisition of knowledge of the alleged gift and not the date of the gift. See also *Bacon v. Barber,* 110 Vt. 280, 6 A. 2d 9, 12-13. In the present instance the defendant disclaimed ownership of the property within one day of the first assertion of any liability against her on account of it.

In no event does the plaintiff's case present such a clear right to recovery as to entitle him to a judgment for want of a sufficient affidavit of defense. See *Koehring Company v. Ventresca,* 334 Pa. 566, 6 A. 2d 297, and cases there cited in footnote on page 568.

The order of the court below is affirmed.