## Fenner Estate

*Roger N. Nanovic,* for petitioner.
*Bernard B. O'Hare,* for respondent.

WILLIAMS, *P. J.,* April 11, 1977—This matter is before us on petition and answer thereto. No testimony has been taken.

The petition sets forth that Weston H. Fenner, Sr. died October 16, 1970, leaving a will which was probated November 13, 1970, and that letters testamentary thereon were granted to Weston H. Fenner, Jr. and to Mary Fenner on November 13, 1970; that petitioner is the attorney for the trustee in bankruptcy of Weston H. Fenner, Jr.; and that demand has been made upon the executors to file an accounting, but none has been filed. The prayer of the petition is that the court order an accounting to be filed.

The executors have filed an answer to the petition in which it is alleged that Weston H. Fenner, Jr. renounced his interest in the Estate of Weston H. Fenner, Sr.; that petitioner has no interest in the estate and, therefore, no standing to require an accounting.

The record shows that Weston H. Fenner, Jr. filed on November 21, 1970, a renunciation and disclaimer of any interest in the Weston H. Fenner, Sr. estate as permitted by the Act of April 24, 1947, P.L. 100, sec. 3, as amended July 9, 1976, P.L. 562, 20 P.S. §6103.

Petitioner contends that Weston H. Fenner, Jr., was insolvent at the time the disclaimer was filed and that the disclaimer constituted a fraudulent conveyance and is therefore void under the

Fraudulent Conveyance Act of May 21, 1921, P.L. 1045, 39 P.S. §354, citing Centrella Estate, 20 D. & C. 2d 486 (1960), and Neeld's Estate, 381 (1940).

Respondents contend that the argument on the law is premature, and that a hearing is necessary to resolve these issues of fact: (a) Whether Weston H. Fenner, Jr. did effectively renounce his interest in his father's estate; (b) Whether, as asserted in respondents' answer to the petition under new matter, there are sufficient assets in the hands of the trustee in bankruptcy to pay creditors in full.

In Neeld's Estate, supra, there was an evidentiary hearing. The opinion in Neeld's Estate, page 386, states: "It seems to us that the controlling question in this case is whether acceptance of a legacy is necessary before title passes to the legatee."

It then decides that title to the legacy passes eo instanti at death and the disclaimer by an insolvent debtor constitutes a fraudulent conveyance and is void as to the creditors of the party filing the disclaimer.

In Tarr et al. v. Robinson et al., 158 Pa. 60, 62, 63, 27 Atl. 859 (1893), the court stated: "It is now too well settled to admit of question that, upon the ground of implied benefit, the assent of a donee will be presumed; and the title will vest eo instanti the gift made, even though he be ignorant of the transaction, and will continue in him until he rejects it."

This presumption however is not absolute; it is rebuttable. See Roop v. Greenfield, 352 Pa. 232, 42 A.2d 614 (1945), where the court stated, pages 235, 236: "The plaintiff predicates his theory of the defendant's personal liability for the taxes upon

the rule of law that a donee or testamentary beneficiary is presumed to have accepted an ostensible gift, bequest or devise. That rule has been recognized in this State in a line of cases extending from Tarr v. Robinson, 158 Pa. 60, 62-63, 27 A. 859, to Rynier Estate, 347 Pa. 471, 475, 32A.2d 736. See also in re Estate of John R. Bryce, Deceased, 194 Pa. 135, 140, 44 A. 1076; Darlington v. Darlington, 160 Pa. 65, 71, 28 A. 503; Thompson v. Griggs, 31 Pa. Superior Ct. 608, 611; Heilig v. Heilig, 28 Pa. Superior Ct. 396, 399. But, it must not be overlooked that the presumption of acceptance of a gift or devise arises out of the supposed benefit inuring therefrom to the donee or devisee. It is but the law's imputation to a donee or devisee of conduct in keeping with the usual and ordinary human experience in such circumstances. The presumption, however, is not a substitute for evidence. It merely furnishes a procedural rule which casts upon a donee or devisee the burden of proving that he did not accept the gift or devise if that be his allegation. See Watkins v. Prudential Insurance Company, 315 Pa. 497, 500-503, 173A.644, where Justice (now Chief Justice) Maxey treated fully with the office of a legal presumption."

The record clearly establishes that Weston H. Fenner, Jr., promptly disclaimed any interest in his father's estate in the manner authorized by the Act of April 24, 1947, P.L. 100, sec. 3, 20 P.S. §6103(a) and (b). The statutory right to release or disclaim is not limited to a solvent legatee. By its terms any legatee, solvent or insolvent, has the right of disclaimer.

We are of the opinion that respondents are entitled to a evidentiary hearing to determine whether

Weston H. Fenner, Jr., has any interest in his father's estate which may be subject to claims of creditors or whether he has effectively disclaimed his interest in that estate. There is nothing in the record which enlightens us as to what interest Weston H. Fenner, Jr., had in his father's estate or whether acceptance of the provisions of the will would benefit him. See Roop v. Greenfield, supra, page 237, where it is stated: "There is no basis in human experience for inferring, from the mere act of giving or devising, that a designated recipient has accepted a gift or devise which is not only without any pecuniary value but which would be a financial millstone around his neck. To give the presumption the conclusive effect in this case, for which the appellant contends, would be to establish arbitrarily as truth a condition contrary to fact. The law is not so vain as to create a presumption where the factual situation essential to its integrity is absent. Cessante ratione legis, cessat et ipsa lex. Under the facts alleged by the defendant, the procedural aid afforded by the legal presumption of acceptance is unavailable to the plaintiff. The affidavit of defense shifted the burden of proof to the plaintiff whose duty it thereupon became to offer affirmative evidence that the defendant had, in fact, accepted the devise."

## ORDER

And now, April 11th, 1977, it is ordered that an evidentiary hearing be held on the petition and answer on May 5, 1977, at 9:30 a.m., in Court Room No. 2, Court House, Stroudsburg, Monroe County, Pennsylvania.