# Ramsey, Appellant, *v.* Ramsey (No. 1).

226    249
226    253

*Will—Conversion—Blending of real and personal estate—Power of sale.*

1. Even if there be no positive direction in a will to sell, yet an intention to convert into money will be implied where the will blends real and personal estate in such a way as to show that the testator intended to create a fund out of both and bequeaths the shares thereof as money.

2. Where a testator devises a farm at a stipulated price to one of his sons, excepting a vein of coal; blends the remainder of his real estate with the personalty, divides the total into shares, making the price of the farm part of such total, and then distributes the shares among his wife and children, the will works a conversion of the real estate including the coal under the farm devised to the son.

Argued Oct. 13, 1909. Appeal, No. 13, Oct. T., 1909 by plaintiff, from decree of C. P. Washington Co., No. 1,762, In Equity, dismissing bill in equity in case of L. H. Ramsey v. Elizabeth Jane Ramsey, Kate F. Ramsey, U. B. Ramsey, Morgan R. Prigg and Lillian B. Prigg, his wife, in right of the wife. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity for partition. Before TAYLOR, J.

From the record it appeared that W. C. Ramsey died on December 3, 1902, leaving a will, by which he devised to his son, L. H. Ramsey, a farm designated as the "home farm." Nothing was said in the will as to the coal under this farm, except that he stated: "It is my wish and desire that there shall be no real estate disposed until the coal has been sold under all of it." After the will was probated it was agreed among the parties in interest that the devise to L. H. Ramsey should be construed as all of the home farm, containing about 155 acres, except the Pittsburg or River vein of the coal therein.

Other material portions of the will are quoted in the opinion of the Supreme Court.

The court dismissed the petition on the ground that the

will worked a conversion of the real estate, including the coal in the Pittsburg vein under the home farm.

*Error assigned* was decree dismissing the bill.

*Harry A. Jones*, with him *T. F. Birch* and *John R. Mc-Creight*, for appellant.—There was no conversion under the will: Yerkes v. Yerkes, 200 Pa. 419; Painter v. Painter, 220 Pa. 82; Lehman's App., 105 Pa. 128; Jones v. Caldwell, 97 Pa. 45; Peterson's App., 88 Pa. 397; Sauerbier's Est., 202 Pa. 187; Perot's App., 102 Pa. 235; Rawle's App., 119 Pa. 100.

*R. W. Knox*, for appellees.—By the force and effect of the will, and of the Act of February 24, 1834, P. L. 73, secs. 12 and 13, the title of W. C. Ramsey had devolved upon and is vested in his executors: Kirk v. Carr, 54 Pa. 285; Morrow v. Brenizer, 2 Rawle, 185; Dundas's App., 64 Pa. 325.

This being so, there can be no partition at the suit of the beneficiaries under the will: Keim's Est., 201 Pa. 609; Painter v. Painter, 220 Pa. 82.

OPINION BY MR. JUSTICE STEWART, January 3, 1910:

It is not a question for us to consider whether the will of W. C. Ramsey created a severance of estates in the surface and coal of the land devised. That it did, so far as relates to the Pittsburg vein of coal, is definitely and distinctly settled by the agreement entered into between the parties in interest, in which agreement differences of opinion were reconciled, and a common understanding was expressed as to the intention of the testator in this respect which was to govern in the distribution of the estate. The only question is, is the Pittsburg coal vein, underlying the surface of the home farm devised to this appellant, the subject of partition? Appellant contends that it is; and his appeal is from a decree dismissing the bill in which he asked that partition be ordered. The contention on the other side is, that by the will the estate in the coal was converted, and that it remains for the executor to sell it and account for the proceeds. The question is unaffected by

the agreement of the parties referred to. That agreement left the will in its own vigor with respect to everything not specifically referred to and defined in the agreement. The important items in the will in this connection are as follows:

"Item 8. It is my wish and desire that there shall be no real estate disposed of until the coal shall have been sold under all of it.

"Item 9. Also it is my wish and desire that my son L. H. Ramsey shall accept the home farm at a value of ($9,000) Nine thousand dollars in the event that I build a barn before my demise; in the event that I fail to build the barn before my demise, he is then to have the home farm, or ($8,000) Eight thousand dollars.

"Item 10. Then I direct that all my estate both personal, real and mixed, shall be divided into five equal shares. One equal share I give to my beloved wife, Elizabeth Jane Ramsey, one equal share to my son U. B. Ramsey, one equal share to my son J. H. Ramsey, one equal share to my daughter, Kate Florence Ramsey one equal share to my daughter, Mrs. Lillian Blanche Prigg.

"Item 11. It is hereby understood that the equal part going to my son, L. H. Ramsey, shall be deducted from the price of the home farm.

"Item 12. In making up the balance of my estate as heretofore devised, the price of the home farm is to constitute a part of that sum."

It is a familiar doctrine that even if there be no positive direction in the will to sell, yet an intention to convert into money will be implied where the will blends real and personal estate in such a way as to show that the testator intended to create a fund out of both and bequeath the shares thereof as money: Darlington v. Darlington, 160 Pa. 65. While we have here no express direction to sell, it is manifest that the testator contemplated a sale of his lands as the means by which the distribution he directed could be made. He blends the real estate with the personalty and divides the total into shares. In express terms he makes the price of the home farm a part of that total, and directs that the price is to be deducted from the

share of the party to whom it is given. The intention to bequeath these shares in the general total as money is unmistakable. The case of Painter v. Painter, 220 Pa. 82, so much relied on by appellant's counsel, is wholly without application. In that case there was an express direction to sell; but because of conditions arising subsequent to the death of the testator, defeating, as a majority of the court thought, the purpose the testator had in mind when he directed his land to be sold, it was held that no conversion took place. Here nothing occurred before or after the testator's death to disappoint expectation or defeat purpose; and therefore nothing to change, alter or modify the directions of the will as to method and manner of distribution of the estate. As we have said, the agreement between the parties in interest left the will stand in its own vigor, except as to those particulars specially interpreted by the agreement. There is nothing in it indicating even in a remote way a purpose to reconvert.

The appeal is dismissed at costs of appellant.