## Connor et al. *v.* Bell et al., Appellants.

*Vendor and vendee—Adverse possession—Title.*

A vendor of land can acquire no title as against his vendee by adverse possession where there is no change in the character of the possession. If the vendor wishes to change the character of the possession he must manifest his intention by some act of hostility to the title of his vendee, plainly indicating to the latter the intention to deny his right and to hold adversely to it: Olwine v. Holman, 23 Pa. 279.

An owner of a lot conveyed it to another person by deed, with covenant

of general warranty. At the date of the conveyance a portion of the lot was enclosed by a fence with other land of the vendor. The vendee entered into possession of the remaining part of the lot, but never had possession of the enclosed part. *Held*, that the vendor could not acquire title to the enclosed part by adverse possession.

Argued Oct. 6, 1892. Appeal, No. 272, Oct. T., 1891, by defendants, William Bell et al., from judgment of C. P. Venango Co., Aug. T., 1891, No. 88, on verdict for plaintiffs, John R. Connor et al. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Ejectment for land four feet wide at one end and narrowing to a point, and 150 feet deep.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows, by TAYLOR, P. J.:

" That fence was kept up there and the land was cultivated as a garden on one side by Mr Bell, and occupied on the other side with some oil wells, being drilled on it.

[ " But there is no evidence, in our opinion, which would warrant our submitting it to you, that at any time Mr. Bell claimed to hold this adversely and gave such notice as would be sufficient, according to the statute, to the parties claiming on the other side. Bell was the owner of both lots, and conveying the lot now claimed by the plaintiff, by the deed as he did, and holding possession precisely as he had held all the time up to this line here, as we remember the evidence—at no time did he until this controversy arose—within the last two or three years—at no time was there any notice given to any one that he was holding it adversely to any other claimant. There was no question arose about it and he was holding it as he had before, and under our views of the law, before the statute of limitations could commence to run in his favor he must have given notice that he was holding that strip now in controversy adversely.] [1]

" In order to claim the title under the statute of limitations there must be possession taken and continued, and it must be hostile, adverse and exclusive and visible and notorious—all the time.

[ " There was a time when he claimed adversely to these people, but it hasn't been for twenty-one years ; and in order to hold adversely it must have been twenty-one years before

the bringing of this case, but that adverse possession has only lasted some five or six years. There is nothing from which the statute could commence to run until that time, in our opinion.] [2]

[ " We submit to you simply the question as to where the line of the lot was. You have the testimony of three or four surveyors—they have fixed the line upon the ground. Are they correct? Is there anything to contradict the testimony of Mr. Hilands and Mr. Smiley, and another, as to where the actual line of that lot is? Mr. Kennerdell was called by the defendant and he doesn't fix the line from any known boundary in such a way, it seems to me, as would warrant the jury in disregarding the testimony of those who do fix it from the old monuments. If you believe their testimony you will find a verdict for the plaintiff for the land described in the writ. So far as the other questions are concerned, in this view I have taken of it, it disposes of the other questions, and if we are wrong, we can be set right." ] [3]

Verdict and judgment for plaintiffs. Defendants appealed.

*Errors assigned* were (1–3) instructions, quoting them.

*John O. McCalmont*, with him *S. P. McCalmont* and *Bryan H. Osborn*, for appellants.—This is a question of disputed boundary line between premises sold and delivered and premises not sold, raised after more than twenty-three years acquiescence in such boundary line by both parties, and an open, notorious and continued possession by each up to fence on each side ; each using the land on his side as his own, claiming up to the fence and no further: Brown v. McKinney, 9 Watts, 565 ; Martz v. Hartley, 4 Watts, 261; McCoy v. Hance, 28 Pa. 149; Stoner v. Hunsicker, 47 Pa. 514; Buckholder v. Sigler, 7 W. & S. 154; Olwine v. Holman, 23 Pa. 279; Sherman v. Kane, 86 N. Y. 57; Pipher v. Lodge, 4 S. & R. 310 ; Pipher v. Lodge, 16 S. & R. 214.

Where, after conveyance of the fee, the grantor entered upon the land and treated it in all respects as his own, his entry was taken to be adverse: Watson v. Gregg, 10 Watts, 289; Walker v. Walker, 16 S. & R. 379. The law of tenants in common is analogous to that of vendor and vendee : Pipher v. Lodge, 4 S. & R. 310; Frederick v. Gray, 10 S. & R. 182;

Mehaffy v. Dobbs, 9 Watts, 363 ; Law v. Patterson, 1 W. & S. 184; Keyser v. Evans, 30 Pa. 507 ; Rider v. Maul, 46 Pa. 376; Susquehanna, etc. Co. v. Quick, 61 Pa. 328 ; McCall v. Webb, 88 Pa. 150 ; Law v. Patterson, 1 W. & S. 184.

*Carl I. Heydrick*, for appellee, cited Olwine v. Holman, 23 Pa. 279; Union Canal Co. v. Young, 1 Wharton, 410 ; Buckholder v. Sigler, 7 W. & S. 160; Sedgwick & Wait on Trial of Titles to Land, § 751; Estes v. Long, 71 Mo. 605 ; 1 Warvelle on Vendors, p. 204; Van Keuren v. R. R., 38 N. J. L. 165; McCormick v. Herndon, 67 Wis. 650 ; Jones v. Miller, 3 Fed. R. 384.

OPINION BY MR. JUSTICE McCOLLUM, January 3, 1893 :

There is but one question raised by the several specifications of error in this case, and that is whether the evidence is sufficient to support a finding by a jury of an open, notorious, continued and adverse possession by the appellants of the land in dispute for the period of twenty-one years prior to the institution of the suit for its recovery. In considering this question it should be borne in mind that the land in controversy is part of inlot No. 591 which appellant William Bell, by deed, with covenant of general warranty, conveyed to William Street on the 11th of October, 1865, and that appellee Eliza J. Connor now has and relies on the title which passed by this conveyance. It will thus be seen that Bell claims the land in opposition to his own deed and covenant of warranty, and rests his claim upon an adverse possession. It appears that when he sold to Street, the land in dispute was inclosed by a fence with inlots Nos. 592 and 593 which he then owned and occupied, and that since the sale he has continued to occupy the land within this inclosure as he had formerly done. Possession of the portion of inlot No. 591 thus inclosed was never taken by Street or his successors in title. Street purchased the lot and immediately took possession of a portion of it for the purpose of drilling an oil well thereon, and, on the 6th of March, 1866, he sold and conveyed it to the Alice Bell Petroleum Co. The possession taken by Street was maintained by the parties claiming under him, and neither, prior to 1887, had any notice that his grantor claimed a part of the land covered by his deed.

There is no evidence showing that the fence was a consenti-

ble line, or that it was regarded by the parties in interest as a boundary of inlot No. 591. The alleged adverse holding was a mere continuance by the vendor of the possession he had when he sold to Street. Was such continued possession of a portion of the lot conveyed by him sufficient, in the absence of any word or act indicative of a hostile claim, to defeat the title of his grantee? This question is not a new one, and the negative answer returned to it by the learned court below is supported by our own decisions and the current of authority in this country. In vol. 1, page 247, note 4 of the Am. & Eng. Ency. of Law it is said that " the mere possession of the vendor of lands is not adverse to his vendee." In Buckholder v. Sigler, 7 W. & S. 154, as in this case, the vendee occupied a portion of the land conveyed to him, and his vendor continued in the possession and use of a part of it as before the sale. It was held that the possession of the vendor was in subservience to the title of his vendee. In Olwine v. Holman, 23 Pa. 279, it was said that " a vendor after conveyance and before delivery of possession is to be regarded as a trustee for the vendee so far as regards the possession, just as he was a trustee of the title before conveyance. If he wishes to change the character of the possession he must manifest his intention by some act of hostility to the title of his vendee, plainly indicating to the latter the intention to deny his right and to hold adversely to it." This principle is sound and not denied by any decision of this court. Its application to the evidence in this case is a complete vindication of the judgment. The land in dispute was never delivered to the purchaser, and the fact that he occupied a portion of the lot conveyed does not change the rule.

The specifications of error are overruled.

Judgment affirmed.

MR. JUSTICE MITCHELL dissented.

Cf. *Ingles* v. *Ingles*, 150 Pa. 397.