## Hads *v.* Tiernan, Appellant.

*Deed—Construction—Premises—Habendum.*

A deed described the premises conveyed as a lot thirty-eight feet by thirty-three feet "with a two story frame dwelling house thereon, being one-half of double house thereon." The habendum contained this clause: "To have and to hold said described lot of ground and one-half the double house now

thereon." The whole of the double house was within the lines of the lot thirty-eight feet, and the grantee understood that she was to have the whole of the lot. *Held*, that the grantor could not claim any of the land but only half of the double house, as having been reserved by the deed.

Argued April 18, 1905. Appeal, No. 251, Jan. T., 1904, by defendant, from judgment of Superior Court, Oct. T., 1904, No. 13, affirming judgment of C. P. Blair Co., Jan. T., 1902, No. 109, on verdict for plaintiff in case of Bridget Hads v. Thomas J. Tiernan. Before DEAN, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Appeal from the Superior Court.

The facts are stated in the opinion of the Supreme Court and in 25 Pa. Superior Ct. 14.

*Error assigned* was the judgment of the Superior Court.

*Thomas H. Greevy,* with him *D. Clare Good,* for appellant.

*S. B. Hare,* with him *Thomas C. Hare,* for appellee.

PER CURIAM, October 9, 1905:

The deed from the appellant to the appellee, under which she claims title and right of possession, is for a lot of ground situated in the city of Altoona on the northeast side of Tenth street, containing in front thirty-eight feet and running back thirty-three feet. A verdict was directed in her favor by the common pleas and the judgment on it was affirmed by the Superior Court: Hads v. Tiernan, 25 Pa. Superior Ct. 14. The defense of the appellant is that a recovery ought to have been allowed for but one-half of the lot, because he had excepted the other half under the following clause in the deed: "To have and to hold said described lot or piece of ground and one-half the double house now thereon." The conveyance is of a lot of ground thirty-eight by thirty-three feet, with no reservation or exception of any interest in it by the grantor. The grantee testified that she understood she was getting just what the deed calls for, and her brother, the grantor, admits that, in compliance with her demand that she should have thirty-eight feet of ground, he executed the deed to her for a

lot of the dimensions called for in it, thinking that, because he had reserved one-half of the double house, the deed would not amount to anything for the one-half of the lot on which the same was erected. On this state of facts, whether the rights of the parties are to be determined from the words of the conveyance, or from the admission of the appellant that his sister understood he was conveying to her the lot she is now claiming, with one-half of the building on it reserved, the only conclusion to be arrived at is that of the common pleas and the Superior Court. The brother thought he was deceiving his sister; but he was not, in law or in fact. The deed on its face gives her just what she thought she was getting, and by his admission, he is estopped from saying he conveyed anything less. If he reserved anything, it was but one-half of the building, which his sister has agreed he may remove. As to his claim to title by adverse possession, the testimony discloses nothing more than his retention of possession of the land sold to his vendee, for whom he held it in trust and against whom he could not start the statute of limitations until he manifested his intention to change the character of his possession by some act of hostility to her title, plainly indicating to her his intention to deny her right and to hold adversely to it: Buckholder v. Sigler, 7 W. & S. 154; Olwine v. Holman, 23 Pa. 279; Ingles v. Ingles, 150 Pa. 397; Connor v. Bell, 152 Pa. 444.

Judgment affirmed.