# McMinn *v.* Cummings, Appellant.

*Vendor and vendee—Vendor in possession as trustee—Adverse possession—Refusal by vendor to surrender—Evidence—Case for jury.*

A vendor, after conveyance, and before delivery of the possession is to be regarded as a trustee for the vendee so far as regards the possession, and if he wishes to change the character of the possession, he must manifest his intention by some act of hostility to the title of his vendee, plainly indicating to the latter the intention to deny his right and hold adversely to it. The presumption that in such a case possession was retained in trust may be overcome by positive evidence that the vendee demanded possession from the vendor, and that the latter refused it; but where the only evidence of such refusal is the testimony of one witness who was only nine or ten years old at the time of the refusal and gave his testimony fifty-nine years thereafter, the case based on such evidence, although uncontradicted, must be submitted to the jury; and if the jury refuses to believe the witness, and finds a verdict accordingly, the appellate court will not reverse the judgment based upon the verdict.

Argued Nov. 11, 1913. Appeal, No. 87, Oct. T., 1913, by defendant, from judgment of C. P. Lancaster Co., March T., 1913, No. 32, on verdict for plaintiff in case of Elizabeth B. McMinn v. Richard Cummings and Christianna Cummings. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Ejectment for twenty-acres of land in Eden, formerly Bart township. Before HASSLER, J.

At the trial it appeared that on June 27, 1848, George Oatman conveyed the land in question to his brother, Zachariah Oatman, but never delivered possession of it. Zachariah Oatman died in 1901, leaving a will by which he bequeathed the property to Elizabeth B. McMinn. The defendants claimed title by adverse possession under George Oatman.

James Oatman, a son of George Oatman, testified that in 1854, when he was nine or ten years of age,

78    McMINN v. CUMMINGS, Appellant.

Statement of Facts—Assignment of Error.    [56 Pa. Superior Ct.

Zachariah Oatman came to George Oatman and demanded possession of the property, and that such possession was refused.

James Oatman's testimony was as follows:

"A. My first recollection I was about nine or ten years old. Q. You were born you say in 1845? A. Yes. Q. He came there. A. Yes, sir. Q. If he had any conversation with your father about this property, tell us what it was. A. Well, there wasn't very much of it. Only he just asked for the farm, or the place, that he wanted it. That was about all. Q. Did he or not demand that your father remove from the place? A. Yes, sir. He left there then. Q. What did your father say to that? ·A. Well, I don't know as he said very much, only he couldn't have the farm. Q. He refused to move, did he? A. Oh, he never moved. Q. I say he refused to move? A. Oh, yes. He said he would not move."

Objected to as leading.

"Q. What if anything did your father say to Zachariah Oatman about this deed that he had made him being a fraud and that the property did not belong to Zachariah Oatman but belonged to him? A. Well, I don't think he said it that day. There wasn't anything said that day about it. Q. Then you have given about all the conversation that took place? ·A. That is about all I heard of it then. Q. Were these men, your father and Zachariah Oatman, in good humor or bad. A. Before they left they were in bad humor. Q. Now then, did or not your father say to Zachariah Oatman that if he wanted that property he would have to put him off? A. That is just what he said."

The court submitted the case to the jury.

Verdict and judgment for plaintiff. Defendants appealed.

*Error assigned* amongst others was in refusing binding instructions for defendants.

*E. M. Gilbert,* for appellant.

*B. F. Davis,* for appellee.

OPINION BY RICE, P. J., February 20, 1914:

A vendor, after conveyance and before delivery of possession, is to be regarded as a trustee for the vendee so far as regards the possession, and if he wishes to change the character of the possession he must manifest his intention by some act of hostility to the title of his vendee, plainly indicating to the latter the intention to deny his right and to hold adversely to it. The law was so declared in Olwine v. Holman, 23 Pa. 279, in recognition of the principle announced in Buckholder v. Sigler, 7 W. & S. 154, and the rule has been followed and applied in later cases: Ingles v. Ingles, 150 Pa. 397; Connor v. Bell, 152 Pa. 444; Pierce v. Barney, 209 Pa. 132; Hads v. Tiernan, 213 Pa. 44; s. c., 25 Pa. Superior Ct. 14. The learned counsel for the appellant, while conceding this to be the law, contends that the presumption that possession was retained in trust was overcome in the present case by the testimony of James M. Oatman, a son of George Oatman, who was the grantor in the deed of June 27, 1848, to Zachariah Oatman. His testimony was to the effect that when the witness was nine or ten years old (1854 or 1855) Zachariah Oatman came to his father's house and demanded possession of the premises embraced in the deed, which was refused. It was said in Milnes v. Van Gilder, 197 Pa. 347: "Refusal by a vendor in possession of premises to surrender them to a vendee demanding delivery is notice to the latter to proceed to the vindication of his rights, and, if he delay doing so beyond the period of twenty-one years, it is his own fault that his deed will not prevail against his vendor's adverse possession. A vendor refusing possession to his vendee has, or imagines he has, good cause for his refusal, and is not required to become the actor in any proceeding for the annulment

of his deed. He need only defy his vendee's right to possession by distinctly refusing it when demanded, and, if then he is not disturbed for twenty-one years, at the expiration of that period the statute protects him, no less than a stranger to the title, if he can establish the kind of possession required by the law in the interval. This ought to be so, and a dilatory vendee ought not to complain of it. By his delay, proof of what was the reason for his vendor's refusal to deliver possession may become impossible." The facts testified to by James M. Oatman, if established to the satisfaction of the jury, were sufficient to bring the case within this principle. But we cannot agree that, because his testimony as to the conversation that took place in 1854 or 1855 was not directly contradicted by any other witness, the defendants were entitled to binding direction in their favor. Applying the general rule as to the province of the court and jury, where the establishment of a material fact depends on oral testimony, the court not only was justified, but was bound to submit to the jury the question whether Zachariah Oatman demanded and George Oatman unequivocally refused possession of the farm in 1854. Without this fact, the presumption arising from the deed controlled and was an absolute and complete bar to the claim of title by adverse possession. Without it, neither lapse of time, nor payment of taxes, nor undisturbed possession, nor inaction of the holder of the paper title, nor all of these facts combined, would be effective against the deed. The burden of proof rested on the defendants. In the absence of the testimony of James Oatman, the court would have been bound to give binding direction for the plaintiff. It is not surprising that after such lapse of time no witness could be produced to contradict him. Admission of the truth of his testimony is not to be implied from the failure of the plaintiff to produce such contradicting testimony. Even if his testimony had been as to a recent conversation between deceased

persons, and had been of the clearest and most positive character, it would not have been within the province of the court to declare that, in the absence of contradiction, the jury should accept it as verity. There were special reasons why the court could not do so in the present case. As the learned trial judge well says, in his opinion overruling the motion for new trial: James Oatman "testified from his recollection of what occurred in 1854, fifty-nine years ago when he was but nine or ten years old, at an age when he was not likely to know the importance of what he heard, if he did hear it, so that a doubt might have arisen in the minds of the jury whether he remembered and testified to exactly what did occur. It, of course, was a question for the jury to believe him or not, and thus decide whether the presumption that his father was in possession of the property by permission of Zachariah Oatman was overcome, and we left it to them telling them that if they did believe his testimony, it would show George Oatman's possession to be adverse from that time, and as it continued for more than twenty-one years afterwards, the defendant would be entitled to their verdict. It would be presumptuous for us to say that the verdict was against the evidence because of the jury's refusal to believe the testimony of John (James) Oatman, as they are quite as, if not more, capable judges of his credibility than we are. As they did not believe his testimony the verdict was not against the law." In view of the foregoing, we think the court was clearly right in refusing binding direction in favor of the defendants, and that there was no abuse of discretion in not granting their motion for a new trial. This is all we deem it necessary to say upon the assignments covering those two matters.

Complaint is made in the fifth assignment of error of the court's remark, that "If there is any testimony contradicting that of James Oatman you will remember it and consider it in connection with his testimony."

It is argued that, as there was no such testimony, the remark was misleading and detracted from the effect of his testimony. But at least twice in his general charge the learned judge had told the jury that his testimony was uncontradicted, and, in affirming defendants' second point, he told them again that it was uncontradicted. Taking the charge and the answers to points as a whole, we do not think there is any ground for surmising that the jury may have been misled by the particular remark assigned for error.

The assignments of error are overruled and the judgment is affirmed.