# Greek Catholic Church of St. Michael the Archangel *v.* Schkodowsky, Appellant.

*Real property—Ejectment—Defenses—Insufficiency.*

1. It is no defense to an action of ejectment brought by a religious corporation for the possession of real property owned by it, that the plaintiff seeks to use the property for purposes not authorized by its charter. If a corporation misapplies its funds or property, the remedy is by bill in equity, mandamus or quo warranto.

2. In an action of ejectment brought by a religious corporation for real estate in the possession of an unincorporated association, plaintiff proved a record title to the property, and defendant offered evidence to show that plaintiffs were attempting to divert this property to purposes other than those for which the church was dedicated and organized. *Held,* the lower court did not err in excluding the evidence and in directing a verdict for plaintiff.

Argued Jan. 12, 1916.   Appeal, No. 402, Jan. T., 1915, by defendants, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1914, No. 485, on directed verdict for plaintiff, in case of The Greek Catholic Church of St. Michael the Archangel (Grecko Katolicki Cerkovno Bractwo Su. Michaela Archistatiza), a Corporation, v. Maksim Schkodowsky, Ignatuis Schymchak, Michael Holovach, Basil Krupiak, Basil Bulak, Cyprian Maslcyak and Joachim Bwidz in behalf of themselves individually and as trustees of The Congregation of the Greek Catholic Church of St. Michael the Archangel and for and in behalf of all other members of like interest in the Congregation of the Greek Catholic Church of St. Michael the Archangel.   Before BROWN, C. J. MESTREZAT, STEWART, FRAZER and WALLING, JJ.   Affirmed.

Ejectment for the recovery of church property.   Before SULZBERGER, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff by direction of the court and judgment thereon.   Defendants appealed.

*Error assigned,* among others, was in directing a verdict for plaintiff.

*Henry J. Scott,* with him *Anthony A. Hirst,* for appellants.

*H. M. Stevenson,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 13, 1916:

This is an action of ejectment, brought by the Greek Catholic Church of St. Michael the Archangel (Grecko Katolicki Cerkovno Bractwo Su. Michaela Archistatiza), a corporation, against Maksim Schkodowsky and certain other parties, individually and as trustees of the Congregation of the Greek Catholic Church of St. Michael the Archangel.

The title to the property, as appears by the abstract filed by both parties and as legally established, is in the plaintiff corporation. The defendants set up as a defense an alleged equitable title, superior to the legal title. The equity, as appears from the offers of evidence and by the opinion of the court, is based on two facts: First, that the money for purchasing the land came mainly from the defendant unincorporated association, and second, that it was contributed for the purpose of maintaining a church which acknowledged the Roman Papacy as its head while the plaintiffs inequitably intend to divert it to the Russian Orthodox Church whose head is the Czar at Petrograd. The defense, as stated by counsel in their offer of proof, is that "those holding the legal title are not members of this church (Greek Catholic) any more, and we want to show that this is an attempt to steal the church away from the members who have remained loyal to the purposes for which the church was dedicated and for which it had always been used from the time of its purchase until it was interfered with by these plaintiffs." The court excluded the evidence offered in support of the defense, and directed a verdict

for the plaintiff. In assigning reasons for giving binding instructions to the jury, the learned trial judge said: "If a corporation has funds or other property which it ought equitably to apply to a distinct purpose and it fails in that and applies it unfairly to another purpose, there is relief by an application to a court of equity, where a chancellor sits, or to a court of law in proceedings which are akin to equity, such as mandamus or quo warranto proceedings, in which specific jurisdiction is exercised. That is a thing determinable by the action of a court sitting especially for that purpose and designed for that purpose."

The evidence offered, if admitted, would not have established any right in equity in the defendant to the title or to the possession of the property. If believed, it would have proved that the officers of the church were using the church property for religious public worship in accordance with the faith, discipline and ritual of the Russian Orthodox Church and not of the Greek Catholic religion, as required by the plaintiff's charter. In other words, the corporation was applying the property to a purpose other than that authorized by its charter. The evidence would not have proved that the title and the right to the possession were not in the plaintiff corporation nor that the defendants had the right either to the title or to the possession. It is manifest, therefore, that if for any reason the officers of the corporation are, as alleged by the defendants, not administering the property for the purpose for which the church was dedicated, it is not an equitable defense which will defeat a recovery by the plaintiff in this action. The defendants must seek relief and assert their rights in another and an appropriate proceeding. In fact, it appears by the statement of appellants' counsel that they have instituted quo warranto proceedings which are now pending.

The judgment is affirmed.