## Brobst v. Davis.

*J. W. Moyer*, for plaintiff; *Edgar Downey*, for defendant.

HOUCK, J., Feb. 18, 1929.—This is an action to recover damages for breaking in and entering upon a lot in Nuremberg, North Union Township, and for breaking down the fences, destroying fruit trees and excavating on said lot. The lot is described in the statement of claim and the plaintiff alleges that it became his property by deed dated April 30, 1901. Attached to the statement

196

of claim is an abstract of title showing the deed to the plaintiff dated April 30, 1901; secondly, a deed from plaintiff and his wife to Oscar Brobst; and, thirdly, an allegation that the last-named deed was a voluntary deed, "executed and delivered by myself and wife, to our son, Oscar Brobst, the grantee therein, for our own convenience, purposes and protection, and without any consideration of any kind whatever paid therefor by him, the said grantee, nor any one for him, and no possession whatever of said premises was ever delivered to or claimed or held by him, but, on the contrary, the full, exclusive, continuous, open, notorious, hostile and adverse possession thereof was kept and held by me, and cultivated and taxes paid by me, without any question or claim thereto by him." The statement further alleges that the plaintiff took possession of said lot immediately upon the execution and delivery of the deed of April 30, 1901, and remained in possession without disturbance until the middle of March, 1928; that defendant, and those under whom he claims, have made and are making fraudulent use of the deed from plaintiff and wife to his son, Oscar Brobst, for the purpose of cheating and defrauding plaintiff out of his title to said lot; and that in the middle of March, 1928, the defendant, "not being ignorant of the facts," broke into and entered upon said lot without the consent and against the protest and objection of the plaintiff.

To this statement of claim defendant filed an affidavit of defense raising questions of law. The affidavit alleges that the statement on its face shows that plaintiff has no title to the lot in question and that the facts alleged in the statement show that plaintiff cannot maintain an action of trespass against the defendant.

On the first question, it is defendant's contention that the abstract of title shows no reconveyance from Oscar Brobst to plaintiff; that plaintiff attempts to set up title against his son, Oscar Brobst, by adverse possession, whereas (McMinn v. Cummings, 56 Pa. Superior Ct. 77), plaintiff is regarded as trustee for his grantee and could not hold adversely to him; that plaintiff cannot establish title by adverse possession since twenty-one years did not elapse from the date of the deed to Oscar Brobst, July 12, 1907, to the time plaintiff was dispossessed, about the middle of March, 1928; and that it must be inferred that plaintiff conveyed to his son for the purpose of removing his property from the reach of creditors, so that he participated in the fraud and cannot now (Paul v. Paul, 266 Pa. 241) set up the fraud to defeat his deed. On the second question, the defendant contends that the statement does not show that plaintiff had possession of the lot when defendant entered, and that if he had possession, it was by virtue of the sufferance of the real owner, the defendant, which sufferance was revoked by defendant's entry: Kellam v. Janson, 17 Pa. 467.

The weakness of defendant's position is that his contentions are based upon facts which do not appear from the pleadings. This is an action of trespass *quare clausum fregit*, and, while the form of the action is governed by the Practice Act of 1915, the necessary fundamentals to sustain the action required at common law are still essential: Griffin et al. v. Delaware & Hudson Co., 257 Pa. 432. Hence, plaintiff must show not only title or ownership of the land, but also possession, or the right to immediate possession, at the time of the trespass: Vanderslice v. Donner, 26 Pa. Superior Ct. 319; Hartley v. Spencer, 75 Pa. Superior Ct. 449; Kossell v. Rhoades, 272 Pa. 75.

The plaintiff alleges in his statement that he has been the owner of the lot continuously since April 30, 1901, and that he was in undisturbed possession from that date to and at the time of defendant's entry. Therefore, the statement alleges that plaintiff had both title and possession at the time of the

trespass. He claims that the deed from him and his wife to Oscar Brobst is a nullity by reason of fraud, and that defendant, with knowledge of the facts, is making fraudulent use of that deed. The plaintiff does not rest his title on adverse possession. He relies upon his uninterrupted possession, which continued after the delivery of the deed to Oscar Brobst, as constructive notice to all purchasers of his claim of title: Jacques v. Weeks, 7 Watts, 261; Hood v. Fahnestock, 1 Pa. 470. Nor can it be determined from the statement of claim that plaintiff conveyed to Oscar Brobst for the purpose of defrauding creditors, so as to make him a party to the fraud and to prevent him from impeaching the deed to his son.

The statement of claim does not state on what right defendant bases his claim to title and possession. Therefore, it is quite obvious that we cannot tell whether or not defendant is the real owner, whether plaintiff was in possession at defendant's sufferance, or whether defendant's entry revoked the sufferance.

The statement of claim alleges title and possession in plaintiff at the time of defendant's entry. This is sufficient to sustain an action of trespass *quare clausum fregit*. The real facts can be ascertained only from the proof produced. It follows that the statement of claim is sufficient and that the affidavit of defense raising questions of law must be overruled.

The affidavit of defense raising questions of law is overruled and the defendant is allowed fifteen days from this date in which to file an affidavit of defense on the merits, failing in which the case shall be deemed to be at issue.

From M. M. Burke, Shenandoah, Pa.