## Vlachos et ux. v. Witherow et al.

*George J. Modrak, Chris Vlachos,* and *Thomas L. Anderson,* for plaintiffs.

*Walter W. Riehl, Patrick C. Derrico,* and *John P. Liekar,* for defendants.

WEINER, J., November 1, 1954.—This case comes before the court on a motion by defendants for a new trial alleging, in substance, that the court was in error in directing a verdict in favor of plaintiffs at the trial of this proceeding.

This is an action in ejectment, brought by plaintiffs against defendants above named, alleging that plaintiffs held title to and had the right of possession of a portion of land in Peters Township, Washington County, Pa. It is not disputed that Robert N. Donaldson, now deceased, did by deed dated November 26, 1927, convey a tract of land to his daughter Clara B. McClure. It is not disputed that the grantor in that deed continued to use a portion of the lot included in the deed to Clara B. McClure from the date of that deed until the date of his death on April 19, 1931.

It also is not disputed that Robert N. Donaldson was not aware of the fact that the portion of the lot now in dispute was included in the deed to Clara B. McClure. It is also not disputed that at his death, Robert N. Donaldson devised to his son, Walter, the homestead occupied by him and adjacent to the lot conveyed to his daughter Clara, for the duration of Walter's life, with remainder to his children, defendants herein. The date of that will was July 22, 1929, and it can be admitted for the purpose of this case that his devise to his son, Walter, included that portion of the lot conveyed to his daughter, Clara, which is now in dispute.

Walter E. Donaldson continued in possession of the homestead and the portion of the lot in dispute from the date of the death of his father on April 19, 1931,

until the date of his own death on November 11, 1950. For the purpose of this case it can be admitted that Walter E. Donaldson remained in exclusive and continuous possession of the disputed premises between the dates aforesaid. Also, for the purpose of this proceeding, it can be admitted that defendants came into possession of the homestead and the land in dispute upon the death of Walter E. Donaldson on November 11, 1950, and that they continued in actual and exclusive possession until the date of the trial.

Clara B. McClure died May 7, 1936. The lot which had been conveyed by her father, Robert N. Donaldson, to her on November 26, 1927, was conveyed by the heirs of Clara B. McClure to plaintiffs above named in July 1945. It may be admitted for the purpose of this case that neither plaintiffs nor Clara B. McClure nor her heirs ever enjoyed actual possession of the portion of the lot in dispute.

The crux of this case, in the opinion of this court, lies in the fact that defendants never discovered that the disputed premises were included in the deed aforesaid to Clara B. McClure until two or three years after the same was conveyed to plaintiffs in 1945. The entire testimony of defendants shows that their grandfather, Robert N. Donaldson, was unaware of the fact that he had included the land in dispute in the deed to his daughter, Clara; that their father, Walter E. Donaldson, life tenant, was also unaware of that fact, and that defendants were unaware of that fact until it was discovered about 1948 when a lot adjoining the lot of plaintiffs on the west was conveyed.

The basis of the defense of defendants to the action in ejectment which was filed June 4, 1952, was that the inclusion of the portion of the lot in dispute to Clara B. McClure was in error and that this inclusion was never intended by their grandfather, Robert N. Donaldson, and that in any event, defendants had

acquired title by adverse possession since it is admitted that they and their immediate predecessors in title had been in possession thereof for more than 21 years.

With respect to the first contention of defendants that Robert N. Donaldson never intended to convey the land in dispute to his daughter, Clara, by the deed of November 26, 1927, we need only to point out that in an ejectment proceeding, there is only one issue, that of the right of possession. The court cannot in such proceeding be concerned with an attempt to reform a deed on the ground of error or mistake. For such reformation, the parties must bring their action in a court of equity.

We are therefore only concerned in this action with the second defense raised by defendants, i.e., the right of possession resulting from their alleged acquisition of title by adverse possession.

In answer to that contention this court is compelled to point out that one of the essential elements of title by adverse possession is that the possession must be hostile. Where, as here, the parties holding legal title were unaware of that ownership and the parties in actual possession were likewise in ignorance of the record legal ownership, how can it be argued that there was any element of hostile possession until all the parties apparently became aware of such legal ownership of the disputed land about 1948.

While the word "hostile" has been held not to mean ill will or hostility, it does imply the intent to hold title against the record title holder. Clara B. McClure was the record title holder after the conveyance to her of the disputed land by her father in 1927. The entire case of defendants is to the effect that she never knew that this portion of the lot had been conveyed to her. This bring the case clearly within the principle laid down in Milnes v. Van Gilder, 197 Pa. 347, which holds that the grantee must have notice of the hostile

intent of the grantor or those claiming through the grantor, in this case being both predecessors in title of defendants, to wit, Robert N. and Walter E. Donaldson.

Since Clare B. McClure died in 1936 and the ejectment action was brought in 1952, then clearly, no matter what the duty might be between Walter E. Donaldson and defendants to the heirs of Clara B. McClure, there was only a period of 16 years between the date of her death and the institution of this action in ejectment, or five years short of the required 21 years to make title by adverse possession possible.

This principle, that notice of the hostile intent must be brought home to the grantee, is particularly applicable where the vendor continues in possession after the conveyance of the land to the grantee. It has long been the law in Pennsylvania that as between a grantor and a grantee in a deed, the continued possession of the grantor after the date of the delivery of the deed can never give rise to title by adverse possession unless and until the privity between the vendor and vendee is severed by some unequivocal act: Olwine v. Holman, 23 Pa. 279.

To create any possible title by adverse possession it has been held that the grantor must manifest his intention to hold adverse to the grantor by some act of hostility to the title of his vendee: Ingles et al. v. Ingles et al., 150 Pa. 397.

This act of hostility to the title of the vendee, to make the continuous possession of the vendor adverse and hostile, must be brought to the knowledge of the owner of the property: Cadwaladers Appeal, 81 Pa. 211.

The possession of the vendor, Robert N. Donaldson, is considered the possession of the vendee, Clara B. McClure, until such hostile act takes place. Since there

is no evidence in this case of any such hostile act on the part of Robert N. Donaldson or of Walter E. Donaldson, adverse possession in this case never began to run during the lifetime of either of these parties. It is admitted that subsequent to the execution of the deed to Clara B. McClure, Robert N. Donaldson made a will in which he apparently devised the disputed portion of the lot to his son, Walter, for life and after his death to Walter's children, defendants herein. But that is not such a hostile act that could mark the beginning of adverse possession. That is but additional proof that there was still no awareness or knowledge on the part of Robert N. Donaldson that the disputed land had been conveyed to Clara B. McClure, and nowhere in the case can there be found any element of hostility on the part of Walter E. Donaldson to the title of Clara B. McClure during his lifetime. This devise by Robert N. Donaldson to his son, Walter, was but a declaration on the part of a vendor of ownership which is not sufficient to deprive Clara B. McClure of her title. Title to real estate cannot be destroyed by mere declarations of the grantor: Ingles v. Ingles, supra.

The same situation existed in the case of Ingles v. Ingles, supra. There the grantor conveyed the lot in question in 1853. The vendee died in 1855 leaving two children as heirs. The vendor died in 1884 and devised the said lot to his son. The court there, as in the instant case, directed a verdict for plaintiff, the two sons of the vendee, and the action of the lower court was affirmed by the Supreme Court.

The Supreme Court in the case just cited, pointed out that it was not unusual for a vendee to leave the vendor in possession for an indefinite period or for life as between a father and a child. They pointed out further that such transactions are often arrange-

ments to suit the family convenience and they re-affirmed the position that the possession of the vendor is the possession of the vendee and "until some un-equivocal act is done by the vendor, the knowledge of which is brought home to the vendee, tending to show that the former holds adversely, no question of the statute of limitations can arise".

A similar situation existed in the case of Owens et al. v. Peters et al., 126 Pa. Superior Ct. 501. There the grantor conveyed the lot in 1902. The grantee died in 1906, intestate. The grantor remained in possession until 1926 when he conveyed the same lot to his two sons. In 1935 the heirs of the grantee brought their action in ejectment against the two sons of the grantor to whom the lot had been conveyed in 1926. The court held that a verdict should have been directed in favor of plaintiffs, the heirs of the original grantee. There was admitted possession by defendants on the part of themselves and their predecessors, the grantor in the original deed of 1902, for more than 21 years. But the court applied the doctrine that possession of the grantor in the deed was the possession of the grantee and that there was not sufficient evidence manifested by the grantor and brought home to the grantee of any act of hostility tending to show that the grantor was holding adverse or hostile to the title of the grantee.

That case is even stronger than the instant case under discussion for the reason that the grantor placed a mortgage on the property in question in 1903, which was paid off. Again in 1912 he placed another mort-gage on the same property. The court pointed out that there was no evidence in the case showing or tending to show that notice of the execution and recording of the 1903 mortgage was brought home to the grantee or that notice of the 1912 mortgage was even given his heirs, plaintiffs in the action. In other words, the

court pointed out that defendants had failed to meet the burden to prove adverse possession.

The same is true in this case under consideration. Defendants have failed to meet the burden of proof required of them under our laws to show that there was any change or manifestation on the part of either Robert N. Donaldson or Walter E. Donaldson to indicate that their possession of the disputed land was hostile to that of the record title owners. Without some evidence to that effect, defendants are bound by the law cited above, that the possession of defendants' grandfather and father could not support their present claim of title by adverse possession.

Counsel for defendants apparently make much of the fact that the portion of the lot in dispute was at one time and may still be partially enclosed by a fence. We fail to see how this fact, even if true, can make any difference in the legal position of defendants. It has been held that mere possession by the vendor, even if fenced, is not adverse to his vendee unless there is some word or act indicative of a hostile claim on the part of the vendor. This principle is found in the case of Connor v. Bell, 152 Pa. 444.

Counsel for defendants also raised the question of an easement in that portion of the lot in dispute; pointing out that the portion in question contains the coal house and outside toilet and other outbuildings necessary or convenient for the enjoyment of the homestead. They further point to the fact that there can be an easement in the use of buildings and it is not confined to a right of way, the general and popular conception of an easement.

This may all be true and we can also agree with counsel for defendant that it is hardly probable that Robert N. Donaldson ever intended to give up or convey that portion of the ground on which these out-

buildings are located. But while such intention of the grantor may have a bearing on any attempt to reform the deed to the lot in dispute, in an equitable proceeding, it can have no bearing on the right of possession, while the deed remains unreformed, in an ejectment action such as this.

Since the only issue in an ejectment action is the right of possession arising from title or ownership, this court is not concerned at this time with the question of easement or of the right of defendants to the use of either the land in dispute or any of the buildings erected on that portion of the land. Should that right of use or the easement claimed by defendants be interfered with by plaintiffs, defendants have a legal remedy to protect their rights thereto. All that we can be concerned with in this action, as stated above, is the right of possession.

As to the claim of defendants that the court erred in directing a verdict in favor of plaintiffs, it has long been the law of Pennsylvania that in an action of ejectment, where plaintiff shows a good title and defendant none, or where, as in this case defendants set up an untenable defense, the court is justified in directing a verdict for plaintiff. The court should never hesitate to take the responsibility of deciding where the facts are clear and the question, as in this case, is one of law only: Hollinger v. Devling, 105 Pa. 417; Greek Catholic Church of St. Michael the Archangel v. Schkodowsky, 252 Pa. 597.

In the light of the foregoing, defendants' motion for a new trial must be overruled.

### Order

And now, to wit, November 1, 1954, defendants' motion for a new trial is overruled.